WILLIAM HUBERT TEMPLE, Administrator, and JOHN E. BRADLEY *vs.* WALTER BRADLEY et als.

*Written instruments: wills; parol evidence; references to other documents. Witnesses: contracts; one party dead.*

By her will, a testatrix, after other bequests and life estates, devised all the balance of her estate to her children, etc., in equal shares, and further directed that the several sums charged against her children, which would be found among her books and papers, were to form part of her estate, and to be deducted from the shares of her children according to the respective charges against them. A book was found among the effects of the testatrix in the name of herself and husband, in which such charges were entered against the children. The evidence offered to show that the book was the one referred to was *held* to be sufficient and the book itself was held to be admissible in evidence to prove such charges.

pp. 606-607

The fact that the book was in the joint names of the testatrix and her husband was held to be immaterial, when it was shown that the husband had no property and that the wife carried on business in their joint names.     p. 607

If the subject of a bequest is described by reference to extrinsic facts, parol or extraneous evidence is competent to show what was intended by the testator and to explain any equivocal clause.     pp. 607-608

Where the description of a document referred to is not perfectly distinct, yet if it is in terms sufficiently definite to render it capable of identification, extrinsic evidence is admissible, together with such evidence as may be found in the document itself, to supply the necessary proof.     p. 608

The object of the Evidence Acts (Code, Article 35, section 3) was to remove restrictions and not to impose them; only such exceptions were made as seemed necessary to preserve mutuality and prevent undue advantage to a survivor in a contract when the other contracting party is dead.     p. 608

It is only where the suit is upon a cause of action one of the parties to which is dead, that the other party is denied the right to testify, so as to preserve the mutuality.     p. 608

*Decided February 12th, 1913.*

Appeal from the Circuit Court for Queen Anne's County, sitting in equity (PEARCE, C. J., HOPPER and ADKINS, JJ.).

The suit was prosecuted below by a judgment creditor of one of several devisees and legatees, sought to have the will of the testatrix so construed, and the proceeds of the estate of the testatrix so applied as to enable him to collect a debt due him from the devisee and legatee. The decision of the Court being in favor of the creditor, on questions of evidence and account, this appeal was taken.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Edwin H. Brown, Jr.,* (with whom was *Madison Brown* on the brief), for the appellant.

*James T. Earle* and *H. B. W. Mitchell,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Queen Anne's County, in equity, dated the 14th day of May, 1912, ratifying in part and rejecting in part, an audit distributing the proceeds of sale, of certain real estate of Sarah J. Bradley, late of Queen Anne's County, deceased.

The principal questions in the case arise upon exceptions to that part of the audit distributing the sum of six thousand, eight hundred and sixty-seven dollars and sixty-seven cents, the surplus proceeds of the sale of the real estate to the devisees, their representatives and creditors.

The exceptions are based upon the ground that several children of Mrs. Bradley had received advances from their mother, in her lifetime, which under her will, should be deducted from the distributive share awarded them in the audit, but which the auditor refused to allow in the account submitted for ratification.

The Court below ratified and confirmed the audit, in so far as it relates to the payment of trustees commissions, costs, and the claims of creditors of Mrs. Bradley, but rejected that in which the surplus proceeds of sale were distributed to the devisees, their representatives and creditors.

The case was remanded for a new audit, with directions among other things "that from the amounts allotted the sons of Mrs. Bradley respectively, should be deducted the charges and advancements against them so that the audit will show what each of them will receive."

Mrs. Bradley departed this life, in the year 1904, leaving a last will and testament which was duly admitted to probate by the Orphans' Court of Queen Anne's County.

By the fourth clause of her will she provided "I will and direct that the several amounts with which I have or may hereafter charge my children, as will be found amongst my books and papers shall become a part of my personal estate and shall be returned as *sperate* debts by my executors and in the final settlement and distribution of my estate, the amount so found charged and returned by my executors, not including interest, shall be deducted from the share of each child which may be so charged as above stated."

By the terms of her will the real estate in question was devised to her husband for and during his natural life, and after his death, it was to be sold and the proceeds of sale,

after the payment of her just debts, were to be distributed equally amongst her six sons, and two daughters, and their descendants, the child or children of any deceased child, to take the deceased parents share.

The real estate of which Mrs. Bradley died seized and possessed, was sold under a decree passed by the Circuit Court of Queen Anne's County, dated the 18th day of Au-. gust, 1909, at the suit of her creditors, for the purpose of paying her debts. The property sold for the sum of ten thousand and seven hundred dollars and the surplus proceeds of sale, as will appear, were distributed to her children and grandchildren, and the attaching judgment creditor of a deceased son, in due proportions. Charles E. Bradley, the husband, died in 1910. Charles H. Bradley and William A. Bradley, two of the sons died in the lifetime of their mother.

The exceptants in the Court below are Ann Maria Frank, one of the daughters and Stephen E. Bradley, a son of the testatrix. The appellants, on this record, are John E. Bradley, a son, and W. Hubert Temple, administrator of J. Frank Temple, an attaching creditor of Walter J. Bradley.

The contention of the parties it will be seen are presented upon the exceptions to the admissibility of testimony taken before the auditor, and specially to the introduction in evidence of "Exceptants' Exhibit B," the alleged book containing the charges and advances to the sons in the lifetime of the testatrix and the book claimed to be referred to, by the testatrix in the fourth clause of her will.

It is contended by the appellees, that if the testimony is sufficient to establish the identity of the book, "Exceptants' Exhibit B," as the book referred to by the testatrix, in the fourth item of the will, and is otherwise admissible for the purposes of their case, that the Court below committed no error, in directing the charges to be deducted from the share, of each child, so charged against them.

A large amount of testimony was taken in the case, and many exceptions and objections were made to the questions

and the answers, the greater portion of which related to the competency of the witnesses to testify in the case, and to that part of the testimony which identifies the book containing the charges against Mrs. Bradley's children.

We have carefully examined all of the exceptions and without discussing each of them, we think, there is sufficient competent testimony properly admitted to support the exceptants' objections to the audit, even if we were to hold that some of the appellants' objections should be sustained and the testimony excluded. This would not in any way affect the conclusion we have reached upon the whole testimony now before us.

We concur in the opinion of the Court below that the uncontradicted evidence shows, "that Mrs. Sarah J. Bradley, the testatrix, owned a little book in which she kept accounts, and it identifies "Exceptants' Exhibit B" to be that book. This book is clearly traced from the possession of her administrator, Charles E. Bradley, to its production in this case. Each witness through whose hands it passed testified that its condition was the same when he parted with the possession of it as it was when he received it. The book itself shows that no changes have been made in the entries since they were made. It is true that there is a conflict in the evidence about the handwriting in which the accounts are entered, some of the witnesses saying they are in the handwriting of Mrs. Bradley, others that they are in Mr. Bradley's. But it does not seem to be material who entered the charges in the book, because, if Mrs. Bradley did not write them there, she certainly adopted them as her own."

The exceptants have established by competent proof, the ownership of the book and that the several charges therein against her sons, were made by her. The book marked "Exceptants' Exhibit B" gratifies the description of the place where the charges made by Mrs. Bradley against her children would be found. The fourth item of her will says the charges will be found "amongst my books and papers," not naming

any particular book or paper, and "Exceptants' Exhibit B," was her book.

We also concur in the further statement of the Court, that the evidence in the case, "shows that Mr. Bradley had no property; that all the real and personal property with which he and Mrs. Bradley dealt belonged to her. It is true it shows also that they carried on their business in their joint names because they thought this to be the legal way. But there is no testimony tending to prove that they owned any property whatever jointly, and there is no suggestion in all the evidence submitted that he had, or ever claimed, any interest in the accounts charged in 'Exceptants' Exhibit B,' although he survived his wife about six years; on the contrary it appears from the evidence that a few days after his appointment and qualification as administrator *c. t. a.* of his wife's estate, he sent the book to Mr. Keating who was his attorney for Mrs. Bradley's estate. The mere fact that these accounts, or charges, were entered in the book in the names of Mr. Bradley and Mrs. Bradley is not enough to establish a tenancy by the entirety in them, and the facts adduced in this case negative the establishment of such a tenancy. As to the correctness of the charges and the ownership of the book, 'Exceptants' Exhibit B,' it is significant that no child of Mrs. Bradley has appeared to dispute the identification of the book in question, or to deny the testimony of those witnesses who testify that certain ones of the sons of Mrs. Bradley admitted to them their indebtedness to their mother."

We are convinced, that "Exceptants' Exhibit B," has been proven by competent testimony to be the book referred to by Mrs. Bradley in the fourth clause of her will, and that it also answers the description of "the several amounts" with which she "charged her children, amongst her books and papers," as stated in her will.

It has been settled by a long line of decisions that as a general principle, if the subject of the bequest is described by reference to an extrinsic fact, parol or extrinsic evidence

is competent to show what was intended by the testator, and to explain an equivocal clause. *Baker* v. *Safe Deposit & Trust Co.*, 93 Md. 379; *Hammond* v. *Hammond*, 55 Md. 575; 17 *Cyc.* 647; *Abbott's Trial Evidence*, 2nd Ed., 184, 195.

In 29 *Am. & Eng. Ency. of Law*, 154 (1st Ed.), it is said, where the description of the document referred to is not perfectly distinct, yet if it is in terms sufficiently definite to render it capable of identification, extrinsic evidence is admissible, together with such internal evidence as may be found in the document itself to supply the necessary proof.

There is nothing in section 3 of Article 35 of the Code which rendered the witnesses incompetent to testify in the case, or to exclude them as witnesses. *Leitch* v. *Leitch*, 114 Md. 340; *Russell* v. *Carman*, 114 Md. 36; *Trahern* v. *Colburn*, 63 Md. 105; *Smith* v. *Humphreys*, 104 Md. 285; *Jones* v. *Jones*, 36 Md. 457.

In *Horner* v. *Frazier*, 65 Md. 1, it was said the object of the evidence Acts was to remove restrictions and not to impose them. Only such exceptions were made as seemed necessary to preserve mutuality and to prevent undue advantage being given to a survivor in a contract where the other contractor was dead. It is only where the suit is upon the cause of action to which one party is dead, that the other party is excluded to preserve mutuality. *Robertson* v. *Mowell*, 66 Md. 533; *Wright* v. *Gilbert*, 51 Md. 157.

We find no error in the order of the Court below, passed on the 14th day of May, 1912, and for the reasons stated it will be affirmed.

> *Order affirmed, costs incident to exceptants to the order in the Court below, to be paid out of the fund and the costs in this Court to be paid by the appellants.*