MARY B. NALLE, HAYWOOD B. NALLE *vs.* SAFE
DEPOSIT AND TRUST CO., Executor
and Trustee.

*Wills: construction; loans or advances "to be charged to respective shares"; exceptions to evidence in equity; time for taking; appeals.*

Where by his will a testator directs that all loans and advances which he has made or might thereafter make, should be brought into his estate and form part thereof, and be charged against certain respective shares, etc., the only question to be considered is the identification of the charges and the proofs submitted to uphold them.                    pp. 190-191

And if the loans or advances made to a devisee exceed the amount of his devise or share of the estate, such devise is properly excluded from participating therein.        p. 195

Exceptions to evidence taken before an examiner that were not filed until after the decree, and then do not appear by the record to have been acted on by the Court below, are not properly reviewable on appeal to the Court of Appeals.
                                        p. 196

*Decided April 8th, 1913.*

Appeal from Circuit Court No. 2 of Baltimore City (Harlan, C. J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*W. W. Parker* (with *Parker & Staum* and *J. R. H. Alexander* on the brief), for the appellant.

*Frank Gosnell* (with a brief by *Marbury, Gosnell and Williams*), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from a decree of Circuit Court No. 2 of Baltimore City passed on the 21st day of June, 1912, ratifying and confirming a partial division and distribution of the estate of Oscar F. Bresee, late of Baltimore City, deceased. The distribution was made by the appellee as trustee under the testator's will.

The objections and exceptions to the report were filed by the appellant, a daughter of the testator, and are based upon certain charges and loans set out in an account, which she had received from her father in his life time in excess of her share of the estate.

Mr. Bresee died in the year 1901, leaving a last will and testament which was duly admitted to probate by the Orphans' Court of Baltimore City. The testator left a large estate, real and personal, and appointed the appellee his executor and trustee.

By the second clause of his will he gave and bequeathed unto the appellee all the rest and residue of his property and estate except what he had given to his wife by the first clause of his will, in trust, and confidence for the following purposes:

(1) To permit my wife to use and occupy my said dwelling, Number 6 West Mt. Vernon Place, and my country seat known as "Rose Hall" during her life.

(2) To collect all of the income arising from all other portions of my property and estate, so devised to it, and to pay thereout all expenses thereon, including the taxes and insurance upon my city residence and country seat, and such repairs thereon as it may deem necessary, and to pay the net income unto my said wife during her life.

(3) As I am desirous that my wife shall have a net income of at least ten thousand dollars ($10,000) per annum over and above the right of occupancy of my city residence and country seat, I direct said trustee in case the net income of my estate shall be less than that sum, to pay her so much of the principal as with the net income will make the sum of ten thousand dollars ($10,000) per annum, provided my wife is desirous that the payment should be made.

(4) At the death of my wife, I direct the said trustee to make a division of the principal of said trust property and estate among all of my children then living and the descendants then living of any of my deceased children *per stirpes* and not *per capita,* and deliver the same to them absolutely and free of all trust. I direct, however, that at the death of my said wife all loans or advances which I have made or may hereafter make to my children and descendants shall be brought into my estate, and form part thereof, and in the division of my said estate I order that all such loans or advances (without charging interest thereon) shall be charged against the shares, respectively, of the children and descendants to whom such loans or advances were so made; and should it happen that any of my children or descendants to whom such loans or advances were made shall be dead at the death of my said wife, then the amount of the same shall be charged against the shares of my estate, which will be payable to the children or descendants of those to whom such loans or advances were made.

Mrs. Louisa Bresee, the testator's wife, departed this life on the 24th day of May, 1911, and thereupon the trustee proceeded to make a division and distribution of the estate under the powers conferred by the will.

On the 14th of May, 1912, the appellee as trustee, filed a petition and report in Circuit Court No. 2 of Baltimore City, wherein it was alleged that the property and estate of the testator now ready for division and distribution amounted to the sum of one hundred thousand dollars.

There was at that time a partial division and distribution of the estate by the trustee, according to the provisions of the will, as of May 12th, 1912, among certain named children of the testator and his descendants.

In this distribution, however, Mrs. Nalle, the appellant and a daughter of the testator was not awarded or given any part of the estate because of the fact that the loans made to her by her father largely exceeded her distributive share and hence she did not participate in this division of the estate.

The question now before us is upon the appellant's exceptions to this division and distribution made by the trustee and reduces itself to this: Is the appellant entitled to share in this distribution of her father's estate apart from and independent of the loans and charges alleged to have been made to her in his lifetime?

There can be no question that if the advances and loans made the appellant by the testator are established by competent testimony they are to be deducted from the appellant's share of his estate because by the third clause of the testator's will he specially directed that all loans and advances which he had made or should hereafter make to his children and descendants shall be brought into his estate and form part thereof and in the division of his estate he directed that all such loans and advances shall be charged against the shares respectively of the children and descendants to whom such loans or advances were so made.

It is well settled by a number of decisions of this Court that the only question in such cases, that this Court will con-

. sider are the identity of the charges and the proof submitted · to support them. If they are established as proper charges, loans or advances made by the testator in his lifetime they are directed to be charged against the shares of his children as provided by the will. *Baker* v. *Safe Deposit & Trust Co.,* 93 Md. 368; *Hammond* v. *Hammond, 55* Md. 575; *Temple and Bradley* v. *Bradley et al.,* 119 Md. 645.

The testator in this case made large loans and advances to some of his children in his lifetime and by the entries in his books he charged his daughter, the appellant here, with loans and advances amounting to the sum of eighty-five thousand seven hundred and seventy-seven dollars, with a credit of six thousand two hundred and eighteen dollars and sixty cents.

A statement showing the various items of these charges and loans was made by the trustee from the testator's books· and submitted to the appellant and on January 19th, 1903, she admitted the account as correct, and endorsed on the account the following:

"The above account is correct so far as I know and I accept it as correct. (Signed)    MAY BRESEE NALLE."

But apart from this, on the 14th of June, 1906, the appellee filed its bill of complaint in Circuit Court No. 2 of Baltimore City asking that Court to assume jurisdiction of the trusts created under the testator's will and to advise and direct the administration of the trusts. In that bill it is averred that by deed dated July 7, 1886, Samuel Orrison and wife conveyed to Oscar F. Bresee, the testator, as trustee. a farm in Virginia called "Rokeby," containing some 506 acres of land in fee simple, the same to be held "In trust for the sole and separate use and benefit of his daughter, Mary Nalle, the wife of H. B. Nalle, free from the debts, liabilities, contracts or control of her husband or any future husband, for and during the life of her the said Mary Nalle.

and after her death to pass and belong in fee simple and discharged of this trust to her heirs."

And it was further averred that from a statement filed as an exhibit with the bill it will appear that the testator advanced certain sums of money to his children, to wit, to May B. Nalle, his daughter, $79,559.12, a considerable part of which said sum so advanced was for the purchase money of the farm known as 'Rokeby,' and a strip of land adjoining the same, furniture, stock, buildings and repairs made to same from time to time, together with the interest charged on some of said amounts so advanced, amounting to $24,604.25, all of which will more fully appear from a statement signed by the said May B. Nalle, and dated the 19th day of January, 1903, a copy of which is herewith filed, marked 'Plaintiff's Exhibit No. 20.'"

The bill also averred that by deed dated on the 30th day of September, 1897, the said May B. Nalle and her husband, in consideration of the release to her, the said May B. Nalle, by the said Oscar F. Bresee, of sundry debts due him by her as principal and surety, and, more particularly, of the release and assignment to her by the said Oscar F. Bresee of two certain promissory notes, in said deed more particularly described, the said May B. Nalle conveyed her estate in the said "Rokeby" farm to the said Oscar F. Bresee, and the said Haywood B. Nalle joined in said deed for the purpose of conveying to the said Oscar F. Bresee all his right, title and interest in and to said farm.

The appellant and her husband were parties to these proceedings, and on the 10th day of July, 1906, filed the following answer to the bill:

"These defendants and each of them admit the matters and facts set forth in the bill of complaint and consent to the passage of such decree as may be right and proper in the premises.

H. B. NALLE,                    WM. L. RAWLS,

M. B. NALLE,                    Solicitor for Defendants.

Defendants."

It appears that testimony was taken in the case to ascertain the amount of the loans and advances made by the testator to his children, and the auditor was specially directed to state an account showing what loans and advances had been made by the testator and the charges made by him against the several parties entitled to an interest in his estate under the will.

By the auditor's account filed on the 7th day of November, 1906, it was ascertained and determined upon proof, and so reported by the auditor that the advancement by testator to the appellant and chargeable against her share in the estate, on the termination of the trust, amounted to $79,-559.12. This report was finally ratified without objection, on the 19th day of November, 1906, and was an adjudication *in rem* of the amount due by the appellant on the account filed in the case.

But the appellant contends that the deed to her father dated the 30th day of September, 1897, of her life estate in "Rokeby" was in consideration of a release by the testator of all loans and advances made to her by him, and that he released all debts and charges due him at that time by her.

We do not think, that either the recital of the deed or the facts and circumstances surrounding the transaction will sustain this contention. The recital of the deed is as follows: "That for and in consideration of the release to her the said M. B. Nalle, by the said O. F. Bresee, of sundry debts by her due him, both as principal and as surety, and more particularly of the release and assignment to her by the said O. F. Bresee of two promissory notes whereon she is surety, which said notes are more particularly described as follows, viz, one note for the amount of five thousand dollars, dated 25 May, 1896, payable six months after date by H. B. Nalle and M. B. Nalle to said O. F. Bresee, and the other note for the amount of twelve hundred and eighteen dollars, payable by H. B. Nalle to M. B. Nalle, dated 1st June, 1896, and by her endorsed to O. F. Bresee, both of said notes being

negotiable and waiving the benefit to a homestead exemption."

The general words of "sundry debts" contained in this deed, we think, are to be restrained and limited to the particular and special description of the two notes amounting to $6,218.60. *Mims* v. *Armstrong,* 31 Md. 87; *Texas and Pacific R. R.* v. *Dashiel,* 198 U. S. 521.

This construction of the deed is sustained by the proof which shows that all of the parties regarded the two notes aggregating $6,218.60 as the correct consideration for the deed. The appellant in a letter of December 9, 1902, to the appellee, said: "As I understand it neither my husband nor I have any interest in 'Rokeby.' Having parted with our interest in consideration of the cancelling of the two notes, September 30, 1897." This letter was written in reply to plaintiff's exhibit 20 filed with the bill as follows: "Credit as per deed and release of September 30, 1897, per copy hereto attached, $5,000 and June 1, 1896, $1,218.60."

These were the identical notes mentioned in the deed and for which the appellant has received credit on the account. Mr. Nalle, the husband of the appellant also admitted that Mrs. Nalle's life interest in "Rokeby" cost the estate about $6,000, and the proof shows that this was the valuation put upon the life estate in the report and return by the trustee.

Besides this it appears that the testator after September 30, 1897, the date of the deed, advanced and loaned the appellant the sum of $12,669.66 and charged her on the books with $24,604.25, "interest on the account rendered to December 31, 1898."

Whether the items charged in the account against the appellant are technically advancements in the legal sense, it is not necessary for the purposes of this case for us to inquire. The testator by his will directed that the sums of money, loans or advances which he had made to his children should be brought into his estate and treated as a part thereof and further directed that in the division of his estate they should be charged against the shares of his children.

The testator had full power to require that these loans and advances should be brought into his estate and regarded as charges against the shares of the children respectively to whom such loans or advances had been made, and that he did so intend is fully evidenced not only by what he did in his lifetime, by the entries in his books, but also by the terms of his will. *Manning* v. *Thurston,* 59 Md. 224; *Baker* v. *Safe Deposit and Trust Co.,* 93 Md. 376.

It would seem therefore perfectly clear that the loans and advances by the testator to his daughter the appellant in this case, as set out in the account filed herein marked Exhibit 20, far exceeding her 1/5 share of the estate under the partial division and distribution herein, and that she was properly excluded from participating in the partial division thereof.

We think, also, the correctness of the charges in the account, is fully established, not only by the books of the testator, but by the admissions of both the appellants. The ratification of the Auditor's Account of the 19th of November, 1906, was an adjudication of this question. The amount of these loans and charges was judicially ascertained and determined in that proceeding upon testimony taken and upon full notice to the parties. *Marine Bank* v. *Heller,* 94 Md. 213; *Lindsay* v. *Kirk,* 95 Md. 50.

But apart from the adjudication of the questions upon the final audit, we think the subsequent proof on the exceptions to the Partial Distribution Account, conclusively establishes the correctness of the account and sustains the original findings by the auditor.

So without prolonging this opinion, we will for the reasons stated, affirm the order of the Court below, dated the 21st of June, 1912, overruling the appellant's exceptions, and dismissing the petition, and also affirm the further order finally ratifying and confirming the Account and Report of the Partial Division of the estate of the testator filed herein.

We have examined the exceptions to the evidence taken before the examiner, and while they are not properly before us, we discover no error in the rulings of the Court thereon. There is sufficient competent testimony properly admitted in the case to support the conclusion we have reached on the record, even if we were to sustain some of the appellant's exceptions to the testimony.

The rulings, however, upon the material questions of evidence are approved by this Court in *Temple and Bradley* v. *Bradley et als.,* 119 Md. 602.

The exceptions, however, appear to have been filed on the 26th of June, 1912, five days after the decree was passed, and do not appear to have been acted upon by the Court below. This is clearly not in compliance with the rule nor the decisions of this Court. *Equity Rule,* No. 43; *Bagby's Code,* Art. 16, sec. 259; *Freeny* v. *Freeny,* 80 Md. 409; *Gerling* v. *Wells,* 103 Md. 638; *Lemmert* v. *Lemmert,* 103 Md. 65.

Finding no error in the decree appealed against, it will be affirmed.

*Decree affirmed, with costs.*