## RILEY v. LUKENS DREDGING & CON-TRACTING CORPORATION.

No. 5045.

District Court, D. Maryland.

July 10, 1933.

Harry O. Levin, of Baltimore, Md., for plaintiff.

John T. Tucker and Robert R. Carman (of Keech, Carman, Tucker & Anderson), both of Baltimore, Md., for defendant.

CHESNUT, District Judge.

This case presented an action at law in which the jurisdiction of the court is based on diverse citizenship, to recover for the benefit of the next of kin of Edith H. Bailey, deceased, damages resulting from her death by the wrongful act, neglect or default of the defendant. The accident occurred in New Jersey where the plaintiff was appointed under a statute of that State in such matters, administratrix ad prosequendum of the de-

ceased. In this suit in Maryland in the United States District Court it is the New Jersey and not the Maryland statute, here known as Lord Campbell's Act, which is to be enforced. The New Jersey statute (2 Comp. St. 1910, pp. 1907, 1911, §§ 7, 9 and Comp. St. Supp. §§ 55—8, 55—10) is in general effect similar to the Maryland Lord Campbell's Act (Code Pub. Gen. Laws 1924, art. 67, § 1 et seq.) but differs to some extent in procedure. The suit is not brought in the name of the State for the benefit of the deceased's dependents but is brought in the name of a special administratrix appointed for the particular purpose, called administratrix ad prosequendum. The statute also provides that the proceeds of the suit by collection of damages or by settlement without judgment are not to be paid to the administratrix ad prosequendum but only to a general administrator. And it has been said by the Court of Appeals of New Jersey that the administrator ad prosequendum is merely a formal party for the maintenance of the action. Pisano v. B. M. & J. F. Shanley Co., 66 N. J. Law, 1, 48 A. 618. See, also, Public Serv. Elec. Co. v. Post (C. C. A. 3) 257 F. 933.

▮ Under the New Jersey statute as under the Maryland statute, the measure of damages for the wrongful death is the pecuniary loss sustained by the dependents who are in the class provided for by the statute. In this case, the administratrix ad prosequendum is the mother of the decedent and the evidence tended to show that she sustained financial detriment by the death of her daughter. But she is a party to the cause not by virtue of her interest in the result but by virtue of her special appointment for the prosecution of the suit in accordance with the procedural requirement of the New Jersey statute. She is not entitled directly to receive any part of the recovery but will be benefited only through a distribution made by the general administrator. But, as in Maryland, the recovery is not for the benefit of the decedent's estate as such but for the benefit of the next of kin, at least where the deceased dies intestate. The trial of this case resulted in a verdict for the plaintiff for $2500. The defendant has moved for a new trial, and the principal reason assigned therefor is the admission over objection of the testimony of the plaintiff to the effect that her deceased daughter contributed to her support. This objection is based on section 3 of article 35 of the Maryland Code, the language of which here involved is as follows (Acts of 1902 and 1904): "In actions or proceedings by or

against executors, *administrators*, heirs, devisees, legatees or distributees of a decedent as such, *in which judgments or decrees may be rendered for or against them*, and in proceedings by or against persons incompetent to testify by reason of mental disability, *no party to the cause shall be allowed to testify as to any transaction had with, or statement made by the testator, intestate, ancestor* or party so incompetent to testify, either personally or through an agent since dead, lunatic or insane, unless called to testify by the opposite party, or unless the testimony of such testator, intestate, ancestor or party incompetent to testify shall have already given in evidence concerning the same transaction or statement, in the same cause, on his or her own behalf or on behalf of his or her representative in interest." (I have italicized the particular phraseology here involved.)

▮ Although in this case the court is administering the substantive law of the State of New Jersey, it is entirely clear that the proper rule of evidence is to be determined by the law of the forum; that is, in this case, the law of the State of Maryland. While the suit is in the United States District Court, the competency of witnesses in this civil case must be determined according to the State law, as provided in 28 USCA § 631, which reads: "The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the State or Territory in which the court is held." This statute as it now reads, became effective by Act of Congress on June 29, 1906, c. 3608, 34 Stat. 618. This Act of 1906 amended Rev. St. § 858, which was differently worded, and provided that in actions by or against executors, administrators or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the courts.

Under the statute as formerly worded the competency of a witness in a case in which an executor or administrator was a party was governed by the proviso quoted and not by the state law; but since the amendment it is clear that the state statute and its construction and application by the highest court of the state is controlling. See 6 Hughes Federal Practice, § 3606, pp. 128, 132; Huntington National Bank v. Huntington Distilling Co. (C. C. W. Va.) 152 F. 240; McBride v.

Kirkpatrick (D. C. W. Va.) 207 F. 893; Id. (C. C. A. 4) 232 F. 859.

When the objection was made during the trial there was only a limited opportunity to re-examine the Maryland statute (section 3 of article 35 of the Code), but subsequent study of the history of the enactment and the decisions of the Court of Appeals of Maryland, confirms the impression that I had at the trial that the statute when properly construed does not exclude the testimony of the plaintiff in this particular case. The reasons for the conclusions reached may be briefly stated as follows: (1) The statute was not intended to apply to a situation of this character; (2) the administratrix ad prosequendum under the New Jersey statute is not a general administrator or executor and is, I think, not to be considered an administrator at all within the meaning of section 3; (3) the particular testimony admitted did not constitute a "transaction had with * * * the testator, intestate, ancestor or party so incompetent to testify," within the meaning of the statute as applied to this case.

The legislative history of section 3 in its present form shows that even if the particular case could be brought within the literal wording of the statute, it is entirely foreign to its substantial purpose. The first form of the statute was included in what is known as the Maryland Evidence Act of 1864, c. 109. This statute was for the general purpose of liberalizing the rules as to the competency of witnesses and to qualify certain witnesses, including parties to the case who, by reason of interest, had previously been disqualified in accordance with the rules of the common law of evidence. But section 2 of the Act of 1864 excepted from the category of competent witnesses (even though interested) cases where an original party to a contract or cause of action was dead and the survivor, a party to the case, was called as a witness; in which situation he was made incompetent by section 2 to testify. The language of the exception in its original form was as follows: "When an original party to a contract or cause of action is dead * * * or when the executor or administrator is a party to the suit, action or other proceeding, either party may be called as a witness by the opponent but shall not be admitted to testify upon his own offer or upon the call of his co-plaintiff or co-defendant otherwise than now by law allowed unless a nominal party merely." The statute as so worded was comprehensively considered and construed in the Court of Appeals of Maryland in Robertson v. Mowell, 66 Md. 530, 8 A.

273. In an opinion by Judge Miller who, according to tradition, was one of the most accomplished appellate judges in this State, it is made plain that the terms "contract or cause of action" as used, meant a contract or cause of action *in issue* and *on trial;* and that the exception to competency excluded only an original party to such a contract who is also a party to the suit from testifying where the other original party to the contract was dead. In other words, it was the purpose to put the two parties to a suit upon the terms of substantial equality in regard to the *opportunity to give testimony.* It is also said that the general purpose of the Evidence Act was to remove restrictions and not to impose them and that such exceptions were made as would seem necessary to preserve *mutuality* and to prevent undue advantage to a survivor.

To the original section 2 of this Evidence Act (now section 3) the Legislature made many amendments by adding additional clauses and provisos so that prior to 1902 this section as a whole became prolix and somewhat obscure in effect and led to many controversies as to its proper application, but without changing its fundamental purpose. These amendments are reviewed in Judge Miller's opinion in Robertson v. Mowell, supra. It was possibly to cure this prolixity of language that finally in 1902 the Legislature entirely re-wrote the Act changing the structural phraseology but still maintaining its main purpose. The original Act rendered the survivor to a contract wholly incompetent to testify at all except upon the call of his adversary but the new and present Act approaches the subject from a different angle. It does not render the witness incompetent to testify in all matters but only those involving "transactions had with or statements made by the decedent." See Gorter on Maryland Evidence Act, page 233. As to such matters, no party to a case may testify, whether the administrator or the surviving party, and whether a necessary or only a nominal party. Farmer v. Farmer, 137 Md. 69, 111 A. 464; Smith v. Humphreys, 104 Md. 285, 290, 65 A. 57. In the present form of the Act the phrase "transactions had with or statements made by the decedent" is the substantial equivalent of the phrase "contract or cause of action" in the original Act. This appears from the recent decisions of the Court of Appeals construing and applying the Act in its now amended form.

Thus, in Griffith v. Benzinger, 144 Md. 575, 596, 125 A. 512, 520, it was said by

Judge Offutt: "The statute was intended to prevent one party to a transaction from testifying to the acts and declarations of a decedent *whose acts are under consideration* in a proceeding to which the witness is a party, *to enforce obligations arising from such transactions*." (Italics supplied.) And in Grove v. Funk, 131 Md. 694 (104 A. 368), the Reporter states the ruling of the Court (in an unreported opinion) as follows: "The Evidence Acts, section 3 of Article 35 of the Code, were passed in recognition of the necessity of protecting estates, at least to the extent of requiring those asserting claims to produce testimony from disinterested persons, and prohibiting those who are parties to the proceedings to establish their claims by transactions and conversations had with those whose lips are sealed in death." See, also, Schaefer v. Spear, 148 Md. 620, 626, 627, 129 A. 898; Temple v. Bradley, 119 Md. 602, 608, 87 A. 394; Whitehurst v. Whitehurst, 156 Md. 610, 613, 145 A. 204.

It seems clear from the present phraseology of the statute as construed in these decisions of the Maryland Court of Appeals that the testimony now excluded by the Act is only that testimony of a party to a cause which would tend to increase or diminish the estate of a decedent by establishing or defeating a cause of action by or against the estate. As so construed, it is evident that the statute does not operate to exclude the testimony of the plaintiff in this case. The case itself does not deal with a claim by or against the estate of the decedent, Edith H. Bailey. Recovery in the case, although not to be collected or received by the plaintiff as administratrix ad prosequendum, will pass to the general administrator not as assets of the estate of the decedent but for distribution among her next of kin as provided in the New Jersey statute. The proceeds of the suit are not an asset of the decedent's estate as would have been the case if the suit had been brought by a general administrator to recover damages for pain and suffering occasioned to the decedent during her lifetime as is now provided for in Maryland by article 93, § 106, of the Code Supp. 1929. On the contrary, the New Jersey statute is in its essential nature, apart from some procedural differences, substantially equivalent to the Maryland form of Lord Campbell's Act where the suit is brought in the name of the State of Maryland for the use and benefit of the decedent's dependents and where, of course, the recovery is in no proper legal sense an asset of the decedent's estate. Nor did the decedent in this case stand in the relation of a "testator, intestate or ancestor" to the plaintiff. The testimony of the plaintiff that was objected to did not involve any "transaction had with" the decedent within the meaning of the Act, which, as above construed in the Maryland cases, relates to transactions which constitute the basis of the controversy as to liability; that is to say, the issue on trial. Here the issue on trial was the liability of the defendant for wrongfully causing the death of the decedent and the plaintiff's testimony did not in any way relate to that issue. It is true that the plaintiff's testimony did bear upon the proper measure of damages but this was merely incidental to the cause of action and grew out of the pecuniary relationship of the decedent to the plaintiff who was a party to the cause, not in her individual capacity as next of kin of the decedent but only as a formal party appointed by the New Jersey courts for the purpose of prosecuting the suit.

It is, of course, the usual and habitual practice in suits in Maryland under Lord Campbell's Act for the equitable plaintiffs to testify as to the pecuniary relationship existing between them and the decedent. In such a case these plaintiffs are within neither the literal language nor the substantial import of the statute. I see no necessity for applying the Maryland Evidence Statute to the proceedings here under the New Jersey Statute which is similar in its substantial purport although variant in certain procedural formalities.

I may add that such a formal party as an administratrix ad prosequendum under the New Jersey statute is in my opinion not an administrator within the meaning of section 3 of article 35 of the Maryland Code.

For these reasons, I think the objection to the testimony is not tenable, and the motion for a new trial will be overruled.