JOHNSON, Respondent, v. HAWTHORNE DITCH COM-
PANY, Appellant.

(143 N. W. 959.)

1. **Waters and Water Courses—Prescriptive Rights—Irrigation
   Ditches.**

   An irrigation company, whose original location, made by its
   grantors in 1886, was abandoned, and whose subsequent loca-
   tion, which was not an amendment of the first, was made in
   1890, acquired no prescriptive right or title to a ditch location,
   under the 20-year statute of limitations.

2. **Limitation of Actions—Period of Limitation—Eminent Domain.**

   Where a ditch company possessing power of eminent domain
   entered upon plaintiff's land by trespass, plaintiff's right to
   compensation was not barred by either the 6 or the 10-year
   statute of limitations, only the 20-year statute being applic-
   able; it appearing that ejectment was brought against the
   company before 1908.

3. **Witnesses—Cross-examination—Pleading in Former Action.**

   Upon cross-examination of a witness, who had testified as
   to location of a water right in 1886, a pleading involving the
   same water right, to which pleading witness and others were
   parties, and which alleged commencement of proceedings for
   location of the right in 1890, was admissible in evidence as
   part of such cross-examination.

4. **Evidence—Pleadings—Admissions.**

   Allegations made by defendant and by a witness on its
   behalf, in a pleading in another action involving the same
   water right as that in question, to which the present defendant
   and its witness were parties, are admissible as admissions.

5. **Appeal—Evidence—Harmless Error.**

   The improper admission of evidence, whether competent or
   incompetent, which could not prejudice defendant, is no ground
   for reversal.

6. **Eminent Domain—Condemnation Proceedings—Right of Tres-
   passer to Maintain—Damages, When Dated From.**

   Where a corporation entitled to condemn land, appropriated
   land by mere trespass and put it to its corporate use, it may
   thereafter maintain proceedings to condemn such land, but the
   damages will be assessed as of date of the action and not as
   of the taking.

7. **Eminent Domain—Remedy of Owner—Right of Ejectment
   Against Trespasser.**

   A landowner whose property was taken by a corporation
   entitled to exercise the power of condemnation, but which
   became a trespasser in appropriating the property, may main-
   tain an action in nature of ejectment to recover the property,

but the court may temporarily withhold the writ pending a proceeding in condemnation in the same action, and such withholding does not constitute prejudicial error.

8. **Eminent Domain—Remedy of Owner—Recovery of Property—Estoppel.**

Where a corporation entitled to condemn land, appropriated property for public use by trespass, mere acquiescence by the owner in the trespass does not estop him from maintaining ejectment for the property.

(Opinion filed November 18, 1913.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Edward W. Johnson against the Hawthorne Ditch Company, to recover possession of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appealed, and plaintiff prosecuted a cross-appeal. Affirmed on defendant's appeal, and modified and affirmed on plaintiff's appeal.

*Schrader & Lewis,* for Appellant, on Defendant's appeal.

The evidence clearly shows that the defendant and its predecessors in interest had been in adverse possession of the dam and ditch and flowed water through the same for more than twenty years prior to the commencement of this action, and that the first water right location was never abandoned.

There is absolutely no evidence of any intent to abandon the first location and ditch right, and the evidence clearly shows that some work was done in cleaning out the ditch every year and the water was kept flowing across the Johnson land every year from 1886, until the time of the commencement of this action. And the court should have found that the defendant had a prescriptive right thereto.

Admitting said answer and decree in evidence was reversible error. McPherson v. Julius, 17 S. D. 98.

The defendant having used and occupied the premises for upward of 20 years prior to the commencement of the action, and the right to damages remaining in plaintiff's grantors at the time the premises were deeded to him, the court erred in ordering, receiving or approving the verdict of the jury on the question of damages. Plaintiff is estopped by said facts from maintaining this action.

In Reply.

Where a public service corporation has peaceably taken land or other property without right and necessary for the purposes of its existence, and the owner has delayed to commence action to enforce his rights until the corporation · has made large expenditures thereon; the court will not sustain eject-ment or injunction therefor, but will cause plaintiff's damages to be assessed under the law of eminent domain. City of New York v. Pine, 185 U. S. 92 (46 Co-Op. Ed. 820), and cases cited in opinion; Pappenheim v. Metropolitan Co., 128 N. Y. 436; Penn Mutual Ins. Co. v. Austin, 168 U. S. 685 (42 Co-Op. Ed. 626); Northern P. R. Co. v. Smith, 171 U. S. 260; Harlow v. Mar-quette, 41 Mich. 336 (2 N. W. 48); Cairo R. R. Co. v. Turner, 31 Ark. 494; Pettibone v. LaCrosse Co., 14 Wis. 443; Chicago & A. R. R. Co. v. Goodwin, 111 Ill. 273; Charleston and W. C. R. R. Co. v. Hughes, 105 Ga. 1, 30 S. E. 972; Chicago, B. & O. R. R. Co. v. Englehart, 57 Neb. 444, 77 N. W. 1092; Boquillas Land & Sea Co. v. Curtis, 213 U. S. 339, 53 Co-Op. Ed. 822.

*Buell, Gardner & Denu,* for Respondents    (Appellant on Plaintiffs cross-appeal.)

Defendant has not acquired a right by prescription. The defendant and its grantors and predecessors in interest were tres-passers *ab initio,* with full knowledge of the rights of the plaintiff and charged with knowledge of the law to the effect that the owner of this property could not be deprived thereof without compensation. The court found, and the undisputed evidence sustains the findings, that no right had been acquired by prescrip-tion.

The testimony is undisputed that the water was never used for any purpose until 1893. The first time that any claim is asserted by the defendant or its grantors based upon the alleged location of 1886 is in the present action.

The court found no estoppel, and the facts do not warrant any such finding.

It was not prejudicial error to admit, as part of the cross-examination of the witness Hunt, the said answer and decree.

The plaintiff is entitled to a reversal on his appeal, with direc-tions to enter judgment for possession of the premises in contro-versy.

SMITH, J.    Action in the nature of ejectment, to recover possession of certain lands upon which were situated a dam, headgate, and irrigation ditch in possession of the defendant, and for damages.

The answer was a general denial, and in addition sets up the 6 and 10 year statutes of limitation, and a 20-year prescriptive title; pleads that the defendant became a corporation on the 30th day of July, 1900, for the purpose, among other things, of taking over, acquiring, maintaining, and operating the water right, dam, and irrigation ditch, and using and disposing of water flowing therein, for irrigation and other useful purposes; alleges the purchaser of water-right locations made in 1886 and in 1890 from certain locators; alleges that the defendant purchased, constructed, and now maintains and operates more than 25 miles of extensions and laterals from said ditch, for irrigating lands of defendant's stockholders, constructed at a cost of $15,000; pleads that plaintiff's demands are barred by the statute of limitations, and that the plaintiff should be estopped by his laches from attempting to enforce his claim for possession of and damage to the property upon and across which said dam, head gate, and ditch are situated.

By stipulation of parties the action was tried to the court without a jury, in November, 1909. The trial court by its decision found that from the 26th day of February, 1883, to the 31st day of October, 1906, plaintiff was the owner of an undivided one-half interest in the land, and from the 31st day of October, 1906, to the time of the trial, had been the sole owner in fee of the whole of said tract of land claimed by him, upon which were situated the dam, headgate, and portion of the ditch in possession of defendant; that while the plaintiff, his co-owners, grantors, and predecessors in title were in posession of the said premises, and about the 12th of July, 1886, George Hunt, John P. McElroy, and John R. Brennan, without the consent, knowledge, or acquiesence of any of them, went upon said premises and posted a written notice thereon at a point on the north bank of Rapid creek, claiming 2,000 miners' inches of the waters of said creek measured under six-inch pressure; that thereafter, and on or about the 12th of July, 1890, John P. McElroy, George Hunt, and James M. Woods, without the knowledge, acquiescence, or consent of the owners of said land, entered upon said premises and posted a

written notice thereon, at a point on the north bank of Rapid creek at or near the head of the present Hawthorne ditch, claiming 3,000 milers' inches of the waters of said creek, measured under six-inch pressure; that thereafter in November, 1890, the said John P. McElroy, George Hunt, and James M. Woods sold and conveyed to the defendants herein all their right, title, and interest in and to said water right, dam, and ditch. The evidence also shows that on the 2d day of December, 1908, and after this action was begun, George Hunt, John P. McElroy, and John R. Brennan, by quit-claim deed, conveyed to the defendant whatever right they may have acquired by the water-right location made by them on the 12th day of July, 1886. The court further found that in the years intervening between 1890 and 1893, the defendant corporation surveyed and constructed an irrigation ditch, and by means of the aforesaid dam and ditch diverted the waters of Rapid creek to a beneficial use for the first time in the year 1893, and continuously since said time has used said waters conveyed through the ditch across the premises of plaintiff, and delivered same for irrigation of lands of defendant's stockholders and others; that none of the locators of said water rights, nor the defendant herein, ever acquired, by purchase, condemnation, or otherwise, from the owners thereof, the right to go upon said premises to locate said water right or construct said ditch; and that none of the said parties have ever used the water right, ditch, dam, and right of way across plaintiff's land under any such claim of right. The court further found that neither the plaintiff nor any of his co-owners or grantors had any knowledge or notice of the location of said water right, or the construction or maintenance of said dam or ditch, until about the month of July, 1895; that upon becoming advised thereof, the plaintiff and his then co-owners gave written notice to defendant, demanding the immediate removal of said dam, and that defendant replace said land in the same condition it was before said ditch had been constructed, and pay any damages accrued by reason of said unlawful and unauthorized injury to said lands; that defendant, having such notice, continued to maintain said dam and ditch on and across said premises, and still maintains the same and excludes plaintiff from possession; that the defendant, its grantors and predecessors in interest, did not have possession of said water right and ditch for a

continuous period of 20 years prior to the commencement of this action, but that defendant has had possession of said ditch and premises since 1890, and has used said ditch and premises since 1893, when the waters from Rapid creek were first diverted into said ditch and devoted to beneficial uses. The court further finds that George Hunt, John McElroy, and John R. Brennan wholly abandoned their water-right location of July 12, 1886, and the ditch and grounds appurtenant thereto. As conclusion of law, the court found that the attempted locations of water rights in 1886 and 1890 were mere trespasses without right, and that the defendant corporation acquired no other or greater rights by its deeds from such locators; that the defendant has acquired no right, by prescription or otherwise, to the possession of such ditch, water right, and dam upon said premises, nor the right to maintain the same, but that it would be inequitable now to require defendant to remove its ditch and dam therefrom and to deliver up possession of said premises to plaintiff, and that plaintiff can be compensated for his damages by a money judgment. The court thereupon entered an interlocutory judgment or order, that the amount of damages to plaintiff's property by reason of the construction and maintenance of said water right, dam, and ditch thereon be submitted to and assessed by a jury, and that upon assessment and payment of such damages the plaintiff's right to possession be denied and his action dismissed, and that defendant be awarded a right of way over and across said premises in the nature of an easement as theretofore used, and that defendant's title to such easement thereupon be quieted in said defendant.

Findings and this judgment or order were entered on the 27th day of November, 1909, and thereafter, on November 22, 1910, a jury was impaneled and sworn to assess plaintiff's damages pursuant to said interlocutory judgment, and witnesses were sworn and testified, without objection, as to the value and quantity of plaintiff's land appropriated and used for the purpose of said dam, headgate, and ditch, and the damages to plaintiff occasioned thereby; and, plaintiff offering no evidence in opposition, the court on its own motion directed the jury to return a verdict in the sum of $25 damages upon undisputed evidence; and, the jury having returned such verdict, the court thereupon entered its judgment in favor of plaintiff and against defendant for the

amount of damages so ascertained and assessed by said jury for
the taking and damaging of the premises of plaintiff and the use
and occupation thereof as a right of way for the dam and irriga-
tion ditch and flowing the waters of Rapid creek therein, and,
upon payment of said damages, together with costs of the action,
that defendant be entitled to a perpetual easement over and across
the premises of plaintiff for a right of way for its said dam and
irrigation ditch, described as follows: "A strip of land 10 feet
in width on each side of the center of the irrigation ditch of the
defendant corporation, beginning at a point north 70 degrees, 30
minutes west about 538 feet distance from the southeast corner
of (plaintiff's premises), thence in a southeasterly direction along
the line of said ditch over and across the premises of said plain-
tiff, a distance of 538 feet more or less, together with the ground
covered by the dam and headgate as the same ditch, dam, and
headgate are now actually constructed and situated upon said
premises."

From these orders, judgments, and decrees, and an order
overruling its motion for a new trial, defendant appeals, and as-
signs as error insufficiency of evidence to sustain the findings of
the trial court, together with alleged errors of law occurring at
the trial in receiving certain evidence. The record on appeal was
settled under the provisions of chapter 15, Laws 1911, and no
question is raised as to the regularity of such settlement. Suffi-
cient and proper specifications of error appear to have been filed
in the lower court, and the motion for a new trial was based upon
such specifications of error and the settled record.

Upon the motion for a new trial, defendant, appellant here,
presented to the trial court, and seeks to have reviewed upon this
appeal, the question of the sufficiency of the evidence to sustain
the findings of fact.

Plaintiff, who is respondent here, relying upon the language
of this court in Barcus v. Prokop, 29 S. D. 39, 135 N. W. 756,
urges that the sufficiency of evidence is not before this court for
the reason that the motion for a new trial, attempting to raise
that question, was not founded upon a statement of the case with
exceptions, settled under section 305, Code of Civil Procedure.
While the language of this court in the Prokop Case would per-
haps warrant respondent's contention, yet in view of the con-

clusion arrived at, we deem the question immaterial. The trial judge certified that the settled record before us contains all the evidence before the trial court, and an examination of the entire record thus presented satisfies us that the evidence is sufficient to sustain all of the findings of fact which we deem material upon this appeal. Such portions of the findings will be referred to later.

Defendant, appellant here, presents but three questions upon this record: First. Is plaintiff's action barred by the 6 or 10 year statutes of limitations? Second. Is it barred by 20-year prescription? Third. Did the trial court commit reversible error in receiving in evidence, as part of the cross-examination of defendant's witness, portions of the records in certain condemnation proceedings instituted by defendant against parties other than plaintiff?

Respondent upon this appeal, does not question the right of the defendant corporation to exercise the power of eminent domain, but places his contention solely upon the fact that the defendant has not sought to exercise that power, and that both defendant and its alleged grantors were from the beginning mere naked trespassers; that their possession was subordinated to the right and title of the plaintiff, who was the legal owner, and that such possession could not ripen into a title by prescription.

[1] We deem it unnecessary to discuss or consider this question, inasmuch as the trial court found that defendant's grantors abandoned the water location of 1886, and that the rights of defendant, of any, were acquired under the location of its grantors in 1890. Defendant's contention is that the location of 1890 was but an amendment to or continuation of the location of 1886, but the finding of the trial court, in effect, was adverse, and we think is sustained by the evidence. It follows that defendant acquired no prescriptive right or title under the 20-year statute.

[2] Appellant's defenses under the 6 and 10 year statutes of limitations fall squarely within the decision of this court in Faulk v. M. R. & N. W. Ry. Co., 28 S. D. 1, 132 N. W. 233, wherein it was held that no statute of limitations short of the 20-year prescriptive period could bar the constitutional right to compensation for property appropriated to public use by a corporation possessing the power of eminent domain, and not acquired by grant of the owner. In effect, the trial court turned this action into a con-

demnation proceeding in which defendant participated without objection, and it could not now be heard to contend that its rights are not controlled by the principles announced in the Faulk Case, or that it may defeat an owner's claim for compensation for property so appropriated by a plea under the 6 or 10 year statutes of limitations.

[3] At the trial, defendant called one Hunt as a witness, who testified as to the alleged location of the water right and ditch in 1886. Upon cross-examination plaintiff's counsel elicited from the witness the fact that he had been one of the defendants in a condemnation action entitled Lower Rapid Ditch Co. v. Hawthorne Ditch Co., John Hunt, and others, and as part of such cross-examination offered in evidence the answer in that action, which alleged that the Hawthorne Ditch Company and its predecessors instituted proceedings for the location of the water right, dam, and ditch in July, 1890, being the identical water-right location involved on this appeal, which was received over the objections of appellant. This ruling is assigned as error. The averments contained in the answer in the former action were those of the witness under cross-examination, and his codefendants, and were sufficiently pertinent to the matters testified to by Hunt upon his examination in chief to make such statements proper matter of cross-examination.

[4] It also appearing that the answer was the answer of the Hawthorne Ditch Company, appellant here, as well as the answer of the witness Hunt himself, statements therein contained, if material, were competent evidence against defendant, even though made in another action. The trial court committed no error in so ruling.

[5] Plaintiff also offered in evidence, as a part of the cross-examination of the same witness, paragraphs 13 and 17½ of the findings and decision in said action, which were objected to as incompetent because the plaintiff in this action was not a party to that action and the matters recited in said paragraphs are not connected with any matters testified to by the witness on the stand. Paragraph 13 contained recitals as to the water-right location of 1890, by Hunt and others, and the transfer of their rights to the Hawthorne Ditch Company, and was a finding as to the carrying capacity of the ditch, its length, termination, and as to the time

when water was first used therein for irrigation purposes, and the extent and continued use thereof. Paragraph 17½ recited that prior to the year 1890, the only ditches that had appropriated the waters of Rapid creek at points between plaintiff's and defendant's ditches were certain ditches therein named, and relates to the quantity of water which might be or had been appropriated from Rapid creek by the various ditches specified. Whether competent or not, it is not apparent from the record that such evidence was or could have been prejudicial to the appellant, and for that reason it cannot be made a ground of reversal. We are therefore satisfied that the trial court committed no reversible error in overruling defendant's motion for a new trial.

The plaintiff Johnson has also appealed from the final judgment, and though appearing on the calendar as a separate appeal, such appeal will also be included and determined in this decision.

[6] Appellant assigns as error the conclusions of law entered by the trial court: First, that plaintiff is not entitled to judgment for possession of the premises; second, that it would be inequitable to require defendant to remove its ditch and dam from the premises, but that plaintiff may be compensated by a money judgment; third, that a jury should be impaneled in this action to assess plaintiff's damages. Upon the first two of the assignments of error, we are inclined to agree with appellant's counsel; but, ror reasons hereinafter stated, we do not find it necessary to reverse, but only to modify the judgment. Upon the third proposition, we cannot agree with appellant's contention.

In the Faulk Case, supra, this court held that a railway company, though a naked trespasser, and wrongfully in possession of real property, might maintain proceedings by way of condemnation in the exercise of its powers of eminent domain, and that compensation or damages should be assessed as of the date of the action, and not as of the date of the taking possession of the property by trespass.

Upon this appeal the questions of the regularity of the proceedings had, or of the sufficiency of the pleadings for the purposes of the condemnation proceedings, are not presented for review. Neither is the question of the validity of defendant's alleged water right, so far as compliance with the necessary statutory forms and procedure is concerned, before this court on this

appeal. The only ground of invalidity of the water right urged or relied upon by plaintiff is that the acts done in taking possession of plaintiff's property, whatever they may have been, constituted a mere naked trespass, and therefore conferred no rights as against his right of possession. If this be conceded, it does not follow that the defendant corporation, merely because of such acts of trespass, may not at any time proceed to condemn and appropriate plaintiff's property in the manner provided by the laws and Constitution.

[7, 8] Plaintiff's contention seems to be that because the trial court found the plaintiff to be the owner and entitled to possession of the premises, it was not authorized to permit or direct the defendant corporation to proceed in the action by way of condemnation, and to declare plaintiff's right to possession temporarily subordinate to such proceedings. We believe, as contended by plaintiff's counsel, that the weight of authority · and the better reasoning sustain the view that an action in the nature of · ejectment is an appropriate remedy as against one who seeks to appropriate private property to public use by acts of trespass. But we are also convinced that the great weight of authority sustains the right of a court to temporarily suspend proceedings in an ejectment action pending proceedings in condemnation on the part of defendant, where such right of condemnation exists. Denver & R. G. R. R. Co.. v. Wilson, 28 Colo. 6, 62 Pac. 843; Pittsburgh & L. E. R. R. Co. v. Bruce, 102 Pa. 23; Pittsburgh & S. R. R. Co. v. Jones, 59 Pa. 433; McClinton v. Pittsburgh, F. W. & C. Ry. Co., 66 Pa. 404; Griswold v. Minneapolis, St. P. & S. S. Ry. Co., 12 N. D. 435, 97 N. W. 538, 102 Am. St. Rep. 572; Conger v. B. & S. W. R. Co., 41 Iowa, 419; I. C. R. Co. v. Le Blanc, 74 Miss. 650, 21 South. 760; Slaught v. N. P. R. Co., 39 Wash. 576, 81 Pac. 1062. The Constitution of this state requires the payment of compensation to precede the taking of private property for public use. To deny the property owner his remedy by ejectment against a mere naked trespasser who, without his knowledge or implied assent, has taken possession would be a denial of a constitutional right. Nor is the right of the owner lost by mere delay alone in asserting it, no matter what use may have been made of the property by such trespasser. To hold otherwise would be to permit the trespasser to build out of his

very acts of trespass a bulwark against the law itself. We do not hold, however, that the owner may not, by his own affirmative acts, be estopped in equity from asserting his constitutional right to possession, even as against a trespasser. We hold that mere acquiescence alone, in the wrongful possession of a naked trespasser, will not constitute an estoppel, and that in such case the acts of the trespasser himself cannot become an estoppel against the owner's claim to possession. We hold that the temporary withholding of the writ of ejectment pending a proceeding in condemnation in the same action is a mere matter of procedure within the control of the court in the exercise of a wise discretion, and cannot be deemed an error prejudicial to the substantial rights of the owner.

No question of a right to damages except such as may accrue through the taking of plaintiff's property for a public use is involved on this appeal, and we do not decide anything as to such right. No evidence was offered by plaintiff as to the value of the use of the land in controversy while occupied by defendant, and such damages, even if claimed in the complaint, appear to have been abandoned. Plaintiff's appeal rests upon the propositions that the court erred to his prejudice in allowing defendant to proceed by way of condemnation, and in the final judgment ordering a dismissal of plaintiff's action upon payment of the damages awarded in the condemnation proceeding.

We are of the opinion the trial court erred in the conclusion of law that plaintiff is not entitled to maintain the action of ejectment but should be relegated to his action for damages. We are of opinion the trial court did not err to plaintiff's prejudice in permitting defendant to proceed by way of assessment of damages as in condemnation proceedings, but that the final judgment is defective, and does not properly protect plaintiff's rights. The findings of fact and the record before us are sufficiently full and complete, however, to enable this court to ascertain the rights of the parties, and to direct the entry of a proper judgment. The case, therefore, will be remanded to the trial court, with directions to enter conclusions of law that plaintiff is entitled to maintain his action in the nature of ejectment, and to a judgment awarding him possession of the property involved, with costs, but that the enforcement of such judgment be suspended pending condemna-

tion proceedings; further, that based upon the assessment of damages already had in condemnation proceedings, a judgment be framed to award a proper easement and right of possession to defendant upon payment of said damages and all costs of the action, with a provision that unless said damages and all costs in the action in the trial court be paid within 20 days from entry and notice of such judgment, the plaintiff be awarded a writ of ejectment against defendant; said judgment to contain a further provision that, upon payment by defendant of said damages and costs, the judgment in ejectment be deemed fully satisfied.   As thus modified, the judgment of the trial court is affirmed.   Costs of this appeal shall be taxed against the defendant.