HURLEY et al., Plaintiffs v. STATE, Defendant

(134 N.W.2d 782)

(File No. 10110. Opinion filed April 28, 1965)

**Bangs, McCullen, Butler & Foye,** Rapid City, for plaintiffs.

**Frank L. Farrar,** Atty. Gen., **John B. Wehde,** Asst. Atty. Gen., Pierre, for defendant.

BIEGELMEIER, J. The State Highway Commission on September 18, 1956 designated West Boulevard of Rapid City a controlled access highway as provided in Ch. 155 of the 1953 Session Laws and pursuant to notice held a public hearing there as to its economic effects. Later, on July 24, 1957, the commission set up the construction and authorized the purchase and condemnation of right-of-way required and indicated on the plans. Contracts were let October 28, 1958 and work on the project started. It was completed by erecting metal guard rails on West Boulevard right-of-way on September 17, 1960. This construction prevented access from plaintiffs' corner lot to that street, but allowed access to Omaha Street. On December 7, 1961 plaintiffs first commenced an action against the city to recover their claimed damages. On appeal this court held the city was not liable. Hurley v. Rapid City, 80 S.D. 180, 121 N.W.2d 21. Plaintiffs then filed a claim against the state with the State Auditor; it was denied and this original action sometimes called inverse condemnation was commenced in the Supreme Court. It was referred to a referee. Plaintiffs claim a taking or damaging of their property under Art. VI, § 13 of the State Constitution.

One of the questions at pretrial before the referee appointed by the court was the date or time when testimony of values and therefore damage, if any, was to be determined. As this question is one about which considerable evidence would be introduced, the referee, with the agreement of the parties and the consent of this court, certified it here for determination and instructions. Plaintiffs cite and rely on Faulk v. Missouri River & N. W. Ry. Co., 28 S.D. 1, 132 N.W. 233, Ann.Cas.1913E, 1130.

In the Faulk action a railway company constructed its railroad over plaintiffs' land in 1891 without payment for the right-of-way; about 1904 defendant railway company succeeded to the interests of its predecessor and continued to occupy and use the strip of land until 1908 when plaintiff brought suit for compensation. The court held the action was not barred except by adverse possession for 20 years to establish title by prescrip-

tion. Turning to the time at which the value of the land should be determined, Judge Corson writing for the court said:

"* * * where land is appropriated for railway purposes without the consent of the owner, and he is compelled to bring an action to enforce his claim * * *, the value should be estimated as of the date of commencing his action, or at the time of trial. (citations)

"As the plaintiff remained the owner of the property until the proceedings taken to enforce his claim for the value of the same, it is quite clear he is entitled to the value of the land at the time he takes proceedings to enforce payment for the same. * * *"

Judge Whiting wrote a rather lengthy dissent as to that part of the court's opinion quoted above, which discusses the authorities cited in support of the majority opinion and, except for one, contended they did not support it.

A search in Shepard's Citations indicates the Faulk opinion has been cited twice by this court and several times by other courts. As to the South Dakota opinions, Johnson v. Hawthorne Ditch Co., 32 S.D. 499, 143 N.W. 959, cited Faulk on both the statute of limitations question and that damages were recoverable from the date plaintiff landowner brought his action for ejectment and not the date of the trespass; Appel v. Chicago, M. & St. P. Ry. Co., 34 S.D. 306, 148 N.W. 513, referred to the Faulk limitations holding and liability of a successor railroad corporation for the original tortious taking or damaging. The opinions of other courts citing Faulk indicate they were on the statute of limitations portion of the opinion—none of them approved that part of it heretofore quoted.

This court seems to have cast some doubt on this portion of the Faulk opinion (though it was cited) in the Appel opinion where it said:

"The measure of plaintiff's damage is the difference between the value of the property **immediately before** and **immediately after** the construction of the railroad." (Construction was 1907, action against successor

road after 1910) 34 S.D. 306, 310, 148 N.W. 513, 515. (Emphasis supplied.)

In view of this and the fact the state, rather than a private corporation is a party, it was thought we should reconsider the Faulk decision and whether it should apply to the state.

■ Our Constitution, Art. VI, § 13 in effect at the time involved provided:

"Private property shall not be taken for public use, or damaged, without just compensation as determined by a jury, which shall be paid as soon as it can be ascertained, and before possession is taken * * *"

The general rule is the difference in value of the tract of land before and after the portion is taken. City of Bristol v. Horter, 73 S.D. 398, 43 N.W.2d 543; State Highway Commission v. Fortune, 77 S.D. 302, 91 N.W.2d 675.

It seems to be of no consequence as to the form of action brought, whether it be ejectment, injunction or damages, the courts treat them as being actions for compensation under the constitution. Faulk was an action to require a railroad company to commence an action in condemnation, wherein the court said "various proceedings are permitted." The court found the compensation due and gave judgment and a first lien on the railroad property. The action itself was viewed as a condemnation proceeding. The opinions and authorities generally, including the result in Johnson v. Hawthorne Ditch Co., 32 S.D. 499, 143 N.W. 959, ejectment, and Appel v. Chicago, M. & St. P. Ry. Co., supra, damages, are in accord.

In State by and through State Highway Commission v. Stumbo, 1960, 222 Or. 62, 352 P.2d 478, this question of valuation date was presented to the Supreme Court of Oregon. It was aware of and cited the Faulk opinion at 352 P.2d 482. Justice Rossman, writing for the court, has listed many decisions with the difference some courts make as to actions against private corporations invested with the right of eminent domain and a state or public corporation. There the state did not know it was taking or damaging the property in 1946 when it took pos-

session of the tract for a road. The action was started in 1956. With what seems to be a rather complete list of the decisions and their various rulings, the court concludes damages are to be assessed "at the time of the trespass" or "taking", with interest from the "date of entry". Interest is said to be widely accepted as a fair value for the use or occupation lands taken.

In the Stumbo opinion the court wrote:

"If damages are assessed at the time of the trespass, they are ascertained at a fixed rather than a shifting date. There will be no motive on either side to drag out negotiations in the hope of a favorable moment to demand condemnation; and settlement of claims rather than litigation will be encouraged. Moreover, problems of valuation are greatly simplified."

Similar views were colorfully set out in Parks v. City of Boston, 1834, 15 Pick. 198, 32 Mass. 198, from which the court quoted:

"* * * if a pie-powder court could be called on the instant and on the spot, the true rule of justice for the public would be, to pay the compensation with one hand whilst they apply the axe with the other; and this rule is departed from only because some time is necessary, by the forms of law, to conduct the inquiry * * *."

Donaldson v. City of Bismarck, 1942, 71 N.D. 592, 3 N.W.2d 808, comes to the same conclusion both as to time of damage and allowing interest, as compensation. The action was for compensation or damages for locating a dump near plaintiff's land.

The Washington Supreme Court cited Faulk in the Aylmore v. City of Seattle, 100 Wash. 515, 171 P. 659, L.R.A.1918E, 127, opinion handed down March 12, 1912, on the applicable statute of limitations question. The same day it decided Jacobs v. City of Seattle, 100 Wash. 524, 171 P. 662, L.R.A.1918E, 131. That action was commenced in November 1914 which was 2½

years after the damage to plaintiff's property. The court affirmed a jury instruction, that damages were to be measured by "the difference in the market value of their property **immediately before** and **immediately after** the commencement of the damage". (Emphasis supplied shows words used in South Dakota Appel opinion, supra.) See also Nichols, Eminent Domain, §§ 8.5 and 12.23; 18 Am.Jur., Eminent Domain, § 263; 29 C.J.S. Eminent Domain § 185, now in 29A C.J.S. Three Louisiana opinions ending with A. K. Roy, Inc. v. Board of Com'rs for Pontchartrain L.D., 1960, 238 La. 926, 117 So.2d 60, are of interest. The latter allows interest from the time of taking.

■ The reasoning in and result reached by the Stumbo opinion persuades us to agree with it. As in that appeal, the state is in the position of condemnor and we therefore need not decide—other than the logic of this opinion compels a decision—whether the rule of damages applied here would also apply where the alleged trespasser or taker is a private corporation invested with the power of eminent domain. We conclude the correct date or time that compensation is to be ascertained is the date of the taking or damaging—or here the substantial interference with the owner's access. That, according to the claim and complaint, was in late 1958 and, by the construction work, sometime in 1959. Our conclusion obviates some other questions propounded by the parties and so we express no opinion as to them.

Neither do we express any opinion whether there was a legal taking or damaging for which plaintiffs may recover in this action. That remains to be determined from a more complete record by the referee to whom this action is returned, subject to review by the court on his report.

All the Judges concur.