CORBETT *et al.* v. CLOUGH *et al.*

1. An original superceded complaint, signed and verified by an attorney, is inadmissible as evidence against the plaintiff in support of an issue tendered by the answer to his amended complaint, unless it is first shown clearly that the recitals thereof, sought to be used as an admission, were inserted under his personal direction, or have since knowingly received his sanction and ratification.

2. The writing, "Extended to December 1st, 1891," placed by the payee thereof on a promissory note, pursuant to an agreement with the maker to extend the time of payment, is a written extension, and presumptive evidence of a consideration, under Subdivision 2 of Sec. 3538 of the Compiled Laws.

(Syllabus by the Court. Opinion filed Jan. 15, 1896.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action on promissory note. Judgment for plaintiffs, and defendant Millett appeals. Reversed.

The facts are stated in the opinion.

*Horner & Stewart,* for appellant.

Any agreement upon a consideration between the creditor and the principal for any extension of time to the principal

without the surety's consent will release the surety.  24 Am.
& Eng. Ency. Law. 822; 2 Daniels Neg. Inst. § 1312.  Allega-
tions in an original pleading, where it has been amended is ad-
missible as against party making them.  Baltimore v. Evans,
14 N. E. 369; Brown v. Pickord, 9 Pac. 573; Soaps v. Eichberg,
42 Ill. 365; Baxter v. Railroad, 22 S. W. 1002; Bailey v. O'Ban-
non, 28 Mo. App. 39; Murphy v. Type, 29 *Id.* 541; Smith v.
Pelott, 18 N. Y. 301; Warder v. Willyard, 49 N. W. 300; Gale
v. Shillock, 4 Dak. 182; Cook v. Barr, 44 N. Y. 156; Shafer v.
Richards, 14 Cal. 125; Bunz v. Cornelius, 26 N. W. 621; Solo-
man v. Jones, 2 Pac. 657; Barton v. Laws, 25 Pac. 284.

  *Estes & Lambert* (*John A. Holmes*, of counsel), for respond-
ents.

  When an obligation matures and is unpaid, the liability of
the surety becomes fixed.  Kennedy v. Falde, 4 Dak. 325.

  FULLER, J.  The complaint upon which this action was
tried states a cause of action against the defendants jointly,
upon the following promissory note:  "$1,000.00.  Pierre,
South Dakota, July 13th, 1891.  Three months after date we
promise to pay Corbett & Whitmore, or order, one thousand
and no 100 dollars, with interest at the rate of twelve per cent.
per annum.  Value received.  Payable at Citizens' Bank,
Pierre, South Dakota.  S. S. Clough.  C. L. Millett." De-
fendant Clough made no appearance in the action.  Defendant
Millett, for a defense thereto, averred in his answer that he
signed the note as surety only, and that the same was accepted
by plaintiffs with the express understanding that he should be
held only in that capacity; "that, when said note became due
and payable, the said plaintiffs, for a valuable consideration,
agreed with the defendant S. S. Clough, and without the knowl-
edge or consent of this defendant, to extend the time of pay-
ment of said note, and did extend the time of payment of the
same, and thereby prevented this defendant from protecting
himself from loss on said note, as he then could have done."

The case was tried to a jury, and upon motion of plaintiffs' counsel, at the conclusion of all the evidence, the court directed a verdict in favor of plaintiffs, and against the defendants, for the entire balance found to be due upon said note according to its recitals; and this appeal is by the defendant Millett from a judgment accordingly entered.

Upon the face of the note and in the handwriting of one of the payees and respondents, is the following memorandum: "Extended to December 1st, 1891." The note matured October 13, 1891, and was collaterally secured by a deposit with respondents of bank stock of the value of $1,000, which belonged to Mr. Clough, and which thereafter became practically worthless. As appellant, who signed the note as surety, consented to no extension, he is released from liability, provided there was an agreement between the defendant Clough, as principal, and respondents, as payees, upon a sufficient consideration, to extend the time of payment. After issue was joined, counsel for respondents applied for and obtained leave to file an amended complaint, omitting therefrom the following averment, contained in their original pleading, which was verified by one of respondents' attorneys: "That said note for a valuable consideration, was extended by plaintiffs to December 1, 1891, as appears by memoranda upon the face of said note." As evidence of a consideration for the extension of time, counsel for appellant offered to introduce in evidence the paragraphs of the original complaint containing the above averment and the ruling of the court in sustaining an objection thereto is assigned as error. The record reasonably supports an inference that the only knowledge relating to an extension of time possessed by the attorney who verified the original complaint was derived from the memorandum upon the note, and, in the absence of anything to show that the recital was inserted authoritatively with the knowledge or under direction of respondents, it would be manifestly unjust to thus indirectly defeat the very object to accomplish which the amended complaint was

filed.    Declarations and omissions are often made by pleaders under a misapprehension of facts, requiring an amended pleading in order to correct mistakes; and where such amended pleading has been substituted for the original, which was drawn and verified by an attorney, we are familiar with no rule of evidence by which a party can be bound by the recitals therein contained.    In Ponce v. McElvy, 51 Cal. 222, the court unqualifiedly say:  "A complaint which has been superseded by an amended complaint is not admissible in evidence on behalf of the defendant on  the trial of the same cause in which it was filed."    Vogel v. Osborne (Minn.) 20 N. W. 129, was a case in which one of the material issues was whether defendant had sold plaintiff a certain harvester and binder.    This fact was admitted in the original answer, verified by one of the attorneys for defendant, and was  denied in the amended answer upon which the case was tried.    Without laying the proper foundation by showing that defendant had directed or authorized his attorney to insert such averment in the original answer, the same was admitted in evidence, over defendant's objection. For this reason alone the case was reversed on appeal.    To the effect that a superseded pleading is not admissible, see Mecham v. McKay, 37 Cal. 154.

In disposing of the question here presented, we go only to the extent of holding that an original superseded complaint, signed and verified by an attorney,  is inadmissible as evidence against the plaintiff, in support of an issue tendered by the answer to his amended complaint, unless it is first shown clearly that the recitals thereof, sought to be used as an admission, were inserted under his personal direction, or have since knowingly received his sanction and ratification.    Applying to this case the rule by which a principal is bound by the admissions or declarations of his agent, the original complaint was properly excluded.    It is obvious that nothing short of an agreement to give time which prevents the creditor from bringing suit will discharge a surety; and the reasons for the rule that

an extension granted upon a consideration releases from further liability a surety who has not acquiesced therein are too familiar to merit discussion or require the citation of supporting authority. Subdivision 2 of Sec. 3538 of the Compiled Laws provides that "a written instrument is presumptive evidence of a consideration," and, in our opinion, the writing, extended to December 1st, 1891," is, in contemplation of law, a written instrument, importing a consideration, and imposing the burden of showing a want thereof upon plaintiff. A "written instrument" is defined to be "something reduced to writing as a means of evidence," (11 Am. & Eng. Enc. Law, p. 275, note); "a writing expressive of some act" (Webst. Dict.); "anything reduced to writing" (And. Law Dict.) Pursuant to what the parties had agreed upon, the writing under consideration was placed upon the note by the payees thereof at the request of the maker, as evidence of the fact that further time had been granted; and, in contemplation of the statute, the contract thus expressed constitutes a "written instrument," and "is presumptive evidence of a consideration." There being nothing in the evidence to rebut such presumption, and the burden being upon plaintiffs, the case should have been submitted to the jury under proper instructions.

Respondents' contention that in no event could the surety be released, because the note had matured according to its terms before the extension was granted, and the liability of the surety was consequently fixed, is without merit and not supported by the authority upon which they rely.

The view we have taken disposes of the case, and renders a consideration of other assignments of error unnecessary. The judgment is reversed, and a new trial is awarded.