## LA RUE v. ST. ANTHONY & DAKOTA ELEVATOR CO.

1. The objection that the question does not call for the best evidence must be made to the question itself, and it is too late to raise it by motion to strike out the answer.

2. An answer by a witness to a question as to the amount of wheat raised on certain land, that he thought there must have been about 1,200 bushels, by the looks of the crop, was not objectionable, as a mere guess, but gave the witness' best judgment as to a fact.

3. Where, in an action for the conversion of a crop of wheat covered by a mortgage stipulating that the mortgagor should not be required to deliver any portion to his mortgagee if he failed to raise more than 10 bushels per acre, the mortgagee testified that, judging from the looks of the crop, he thought the mortgagor must have raised about 1,200 bushels on 70 acres, there was prima facie proof that more than 10 bushels per acre was raised.

4. In an action by a mortgagee for the conversion of a crop of wheat covered by his mortgage, the evidence examined, and held to support the finding of the jury as to the quantity of wheat delivered to defendant.

5. Where, in an action for the conversion of a mortgaged crop of wheat, plaintiff showed the grade and price of one load delivered to defendant,

and that the wheat was all from the same tract and delivered the same day, and there was no conflicting evidence, the jury was warranted in finding that the wheat was all of the same grade and value as the load referred to.

6. Where an opposing party was served with notice to produce an original book of accounts' and its counsel admitted at the time objection was made to the introduction of a memorandum that the book had been destroyed, it was competent to prove the contents by the memorandum.

7. Where there was sufficient evidence to support the general and special verdicts, independent of the admissions in an original superseded answer, and the findings clearly indicate that the jury did not consider the answer, its admission in evidence was harmless error.

8. In an action for the conversion of a mortgaged crop of wheat, it was immaterial whether the mortgagee ever foreclosed the mortgage, where by its terms he was entitled to have the wheat delivered to him at the time it was converted. FULLER, J., dissenting.

(Opinion filed June 3, 1903.)

Appeal from circuit court, Marshall county, Hon. A. W. CAMPBELL, Judge.

Action by John S. La Rue against the St. Anthony & Dakota Elevator Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*John H Perry*, for appellant.

*A. Sherin* (*Wilson & Venderlip*, of counsel), for respondent.

CORSON, J. This is an action in the nature of trover by the plaintiff to recover the value of certain wheat alleged to have been converted by the defendant in the fall of 1887. Verdict and judgment were in favor of the plaintiff, and from the judgment and order denying a new trial the defendant has appealed.

This is the second appeal in this case; the opinion on the former appeal being reported in 3 S. D. 637, 54 N. W. 806.

The plaintiff claimed the wheat by virtue of a chattel mortgage executed by one Dove, and the facts relating to the said mortgage are fully set out in the former opinion. On the last trial of the case, special findings were made by the jury in addition to their general verdict, as follows: "(1) Did the plaintiff demand of defendant the wheat in controversy? Ans. Yes. (2) If question 1 is answered in the affirmative, then give the date of such demand. Ans. 1st of October, 1887. (3) How many bushels of wheat was actually converted by defendant? Ans. Four hundred and eighty seven bushels and ten pounds. (4) What was the grade of the wheat converted? Ans. No. 1 Northern. (5) What was the market value of the wheat at the time of the conversion and at the place of the conversion? Ans. Fifty cents." The motion for a new trial was made on the grounds that both the general verdict and the special findings of the jury were not supported by the evidence, and also for errors of law occurring at the trial.

It is contended on the part of the appellant that the evidence was insufficient to support the verdict, because there was no evidence that 700 bushels of wheat were raised by the mortgagor in 1887 on the land described in the chattel mortgage; a clause in mortgage providing that, if the mortgagor failed to raise more than 10 bushels per acre in any one year, he should not be required to deliver to the plaintiff, the mortgagee, any portion of the wheat raised for that year. The evidence on the part of the plaintiff tended to prove that the mortgagor raised wheat on about 70 acres that year, and the only evidence as to the amount raised was the following statement of the plaintiff, who was a witness in his own behalf. He was asked the following question: "Did you know about how many bushels of

wheat he [Dove] raised on this seventy acres that year? Answer. I think there must have been in the neighborhood of twelve hundred bushels, by the looks of the crop." No objection was made to the question, but the appellant moved to strike out the answer for the reason that the same was not the best evidence, and it was merely the witness' guess, and that no foundation was laid for the question. This motion was denied by the court, and we think properly. If the appellant desired to make the objection that it was not shown that the witness had the requisite knowledge of the subject to enable him to give his opinion as to the number of bushels raised, the objection should have been made to the question. It was too late to make that point after the answer was given, on the motion to strike out the same. Wendt v. Chicago, St. P., M. & O. Ry. Co., 4 S. D. 476, 57 N. W. 226. The last ground on which the motion was made was clearly untenable. The witness testified to a fact according to his best judgment. This evidence was uncontradicted, and therefore, assuming, without deciding, that it was necessary for the respondent to show that more than 700 bushels had been raised on the 70 acres that year, the evidence was competent and prima facie proof of the fact.

Appellant further contends that the finding of the jury that 487 bushels and 10 pounds of wheat raised by the mortgagor, and included in respondent's mortgage, were delivered to the defendant, is not supported by the evidence. This contenton is clearly untenable. The respondent introduced a number of witnesses whose evidence tended to prove that the wheat was taken directly from the thresher to the elevators owned by the appellant. Some of the witnesses were persons who had hauled portions of the wheat to the elevators for the

mortgagor, Dove.   Mr. Hinckley, who was a witness for plaintiff, was the sheriff of the county, and was employed by the plaintiff to look after the wheat, traced several loads to the elevators, as did also the plaintiff; and the fact that the jury, after hearing this evidence, were able to give the exact number of bushels and pounds of wheat delivered to the defendant proves quite clearly that the evidence was amply sufficient to justify the findings of the jury.   We will not attempt to review this evidence in detail, as no useful purpose would be served in so doing.

Appellant further contends that there was no evidence to support the verdict as to the grade of the wheat, or its value per bushel.   This contention is also clearly untenable.   The plaintiff testified: "I was at the elevator that day, where they were buying and selling wheat, and they were paying fifty cents.   The load of wheat that was sold at Burch, I believe, was No. 1 northern.   Burch and Amhurst are in Marshall county, and on the Great Northern & Manitoba Railroad." It was shown that all the wheat was delivered to the two elevators on that day, and was all grown on the same tract of land.   This evidence, uncontradicted, was sufficient to prove that the wheat was of the grade No. 1 northern, and that its value was 50 cents per bushel.   If such had not been the fact, Dunn, the agent of the appellant who purchased the wheat, was a witness for the defendant, and the evidence could have been contradicted by him.   The contention of the appellant that it was necessary for the respondent to show the value of every load of wheat delivered at the elevators, and the grade, cannot be sustained, when the respondent has shown the price of No. 1 northern, and that the wheat all constituted a part of

the same lot, in the absence of any conflicting evidence; and the jury were fully justified in drawing the inference therefrom that the wheat was all of similiar grade, and of the value stated.

It is further contended by the appellant that the judgment in this case must be reversed for errors of law occurring at the trial, and excepted to by it.

On the trial the witness Hinckley testified that on the day after the delivery of the wheat he made a copy of the book found at the Amhurst Elevator. This memorandum was objected to on the ground that the books themselves were the best evidence. It was shown, however, that notice had been served upon appellant's counsel to produce the elevator books; and it was admitted at the time the objection was made that they had not produced and could not produce the books, for the reason that the same were burned with the elevator. It being shown that the books were destroyed, it was competent for the respondent to give secondary evidence as to the contents of the same. The copy made by Mr. Hinckley from the books, and proved by him to be correct, was competent evidence.

It is further contended that the admission in evidence on the part of the plaintiff of the original answer in the case, which had been superseded by an amended answer, was error, and counsel call our attention to the case of Corbett v. Clough et al., 8 S. D. 176, 65 N. W. 1074, in which this court held that an original superseded complaint, signed and verified by an attorney, is inadmissible as evidence against the plaintiff in support of an issue tendered by the answer to his amended complaint, unless it is first shown clearly that the recitals thereof sought to be used as an admission were inserted under his personal

direction, or have since knowingly received his sanction and ratification. If we were not quite fully satisfied that this evidence was entirely disregarded by the jury, we should feel compelled to reverse the judgment, under the law as laid down in that case. But it appears from the evidence in this case that Mr. Perry, the attorney for the defendant, testified that he prepared the answer which had been introduced in evidence, and that at the time he supposed the statement in the answer was correct, but that upon the first trial he discovered that such admission was not true. The jury seem to have disregarded the answer, as the admissions in the same were that, after the 30th day of September, Henry Dove sold 200 bushels of wheat, of the value of $120, to the defendant, which thereafter, defendant was informed, was raised upon the premises described in the complaint. It will be noticed that by this admission the wheat was valued at 60 cents per bushel, and that the number of bushels was 200, while the finding of the jury is that the defendant received 487 bushels and 10 pounds, of the value of 50 cents per bushel. It is quite clear, therefore, from the verdict of the jury, that they accepted the statement of Mr. Perry as correct—that the admission was made under a mistake of fact, and based their general and special verdicts entirely upon the evidence in the case, independently of the answer so admitted. The rule is that the admission of material incompetent evidence will ordinarily require a reversal of the judgment, unless the court can clearly see that the admission of the evidence did not prejudice the party, and the facts found clearly indicate that the jury did not consider the answer. Again, it is quite clear that there was sufficient evidence introduced upon which the jury might find its general and special verdicts inde-

17 S. D.—7

pendently of the admissions of the answer admitted in evidence. From all the facts, therefore, this court is able to say that injury has not resulted to the party by reason of the admission of this evidence. Stark v. Wellman, 96 Cal. 400, 31 Pac. 259.

It is further contended by the appellant that the court erred in sustaining respondent's objection to the following question propounded by appellant's counsel to the respondent: "I will ask you if you ever foreclosed the contract for that land?" We discover no error in this ruling. It was entirely immaterial whether the plaintiff did or did not foreclose the mortgage. Under the terms of the mortgage, the plaintiff was entitled to the wheat; and, being entitled to it, he could recover its value in this action, regardless of the fact whether the same was foreclosed or not.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.

FULLER, J., dissents.