## LARIMORE, Appellant, v. DOBBS, Respondent

(57 N. W.2d 750)

(File No. 9335. Opinion filed April 2, 1953)

**T. R. Johnson,** Sioux Falls, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent.

LEEDOM, J.   Defendant while driving an automobile along a country road struck the plaintiff's decedent, a pedestrian, causing injuries resulting in death.   On the evidence introduced and admitted the jury found defendant driver not liable.   In this appeal the plaintiff's main contentions are that the trial court should have (1) admitted in evidence statements made by the deceased woman to members of her family in the hospital one to two weeks after the injury; (2) should not have stricken from the plaintiff's complaint allegations as to burial expense incurred, thereby preventing proof of burial expenses as an element of damage; and (3) should not have admitted in evidence a statement made by the decedent to the defendant driver at the scene of the accident a matters of seconds or at most a very short time after the impact.   We fail to find reversible error and affirm the judgment entered by the circuit court in favor of the defendant.

Appellant contends the statements the deceased woman made in the hospital such as "If she had stayed on her own side of the road, she'd never hit me" were admissible under SDC 36.0104. It is not claimed such statements are otherwise admissible. This statute provides:

> "In actions, suits, or proceedings by or against the representatives of deceased persons including proceedings for the probate of wills, any statement of the deceased whether oral or written shall not be excluded as hearsay, provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was in good faith and on decedent's personal knowledge."

This court has never specifically held that this statute applies to a wrongful death action such as this one. Courts of other jurisdictions do not agree on the question. The reasons are not entirely satisfactory for rejecting statements of deceased persons in a wrongful death case and admitting them in another type action brought by or against a legal representative of a dead person. We believe however the historical background of our statute and the interpretation given by courts in other jurisdictions to a preamble relating to actions by or against legal representatives such as appears in SDC 36.0104, make it reasonably clear that such statutes apply only in actions actually involving the decedent's estate, that is, in actions were the legal representative is a real party in the law suit, not a nominal party. See Lockwood v. Lockwood, 56 Conn. 106, 14 A.293; Doolan v. Heiser, 89 Conn. 321, 94 A. 354; Riley v. Lukens Dredging & Contracting Corporation, D.C.Md., 4 F.Supp. 144. Therefore since a wrongful death recovery in South Dakota is not for the benefit of the estate we hold SDC 36.0104 does not apply to admit statements of deceased persons in wrongful death cases brought under SDC Supp. 37.22. This interpretation of the statute is consistent with the interpretation given the somewhat similar preamble of the old statute § 2717, Rev. Code 1919, in Reinschmidt v. Hirsch, 65 S. D. 498, 275 N.W. 356; and testimony as to statements of a deceased person was held inadmissible under the hearsay rule in the case of Johnson v. Chicago & N. W. R. Co., 72 S. D. 580, 38 N.W.

2d 348, an action brought under the wrongful death statute after enactment of SDC 36.0104. The whole difficult problem and the rather unsatisfactory efforts made by both the courts and legislatures to solve it, are treated in Wigmore on Evidence, 3rd Edition, §§ 578, 578a, 1081, 1576.

■ On motion made prior to the trial the circuit court struck from the complaint an allegation of burial expense as an element of damage. Assuming that burial expenses can be recovered in a wrongful death case when paid by the beneficiaries, and that the trial court therefore committed error in striking such allegation, the error could not possibly have been prejudicial to the plaintiff since the jury returned a verdict for defendant. Proof denied plaintiff by striking the allegation had to do with the amount rather than the right of recovery. Such denial was inconsequential in view of the jury determination that there was no right to recover at all. This rule is stated in 5 C.J.S., Appeal and Error, § 1689b(1) and (2). See also Shannon v. Gaar, 234 Iowa 1360, 15 N.W.2d 257, 260; Whitmore v. Herrick, 205 Iowa 621, 218 N.W. 334, 339; and cases there cited.

■ Immediately after striking the deceased woman defendant stopped her car in a remarkably short distance, drove it immediately to the side of the road and returned to the place where the injured woman was lying. This consumed an estimated twenty or thirty seconds. While it may have been longer as appellant argues, a very short time was involved. Defendant was permitted to testify that the injured woman there said to defendant: "Mrs. Dobbs, I never saw you at all". This was clearly admissible as a spontaneous statement under the rule recently discussed by this court in the case of Hjermstad v. Petroleum Carriers, 74 S. D. 406, 53 N.W.2d 839, 842.

■ Appellant's other assignments of error all of which have been carefully considered raise but one other question we discuss. It is claimed the verdict of the jury is contrary to the physical facts; that the evidence does not support a verdict for defendant; that if defendant had remained on her side of the road there would never have been an accident; and that a new trial should therefore have been granted. The evidence, somewhat in dispute but unusually clear

on several points, was such the jury unquestionably was warranted in finding that the deceased woman placed herself in an entirely obscured position behind a mailman's automobile stopped temporarily at a rural mail box at the side of the road where decedent had gone to get mail just being delivered; that she stepped from behind this car as it moved toward defendant's approaching car, directly into the path and only a short distance in front of the car driven by defendant; that defendant was not traveling at an excessive rate of speed; that she stopped her car within a car's length or "a little more" after the impact; that on seeing defendant's car the pedestrian reversed her direction quickly, creating an emergency in which a jury could find that the defendant's conduct was not different than that of any reasonably prudent person placed under the same circumstances. The fact, if it existed, that the left wheels of defendant's car were at defendant's left of the center line of the road at the time of contact with decedent as appellant contends would not necessarily resolve the issue of liability against defendant under all the other circumstances here present. Surely under such evidence the matter of granting a new trial was clearly within the discretion of the circuit court. Johnson v. Olson, 70 S. D. 617, 20 N.W.2d 226.

The judgment from which the appeal is taken is affirmed.

All the Judges concur.