RAVERTY, Appellant v. GOETZ, Respondent

(143 N.W.2d 859)

(File No. 10281. Opinion filed June 30, 1966)

Rehearing denied September 12, 1966

**Roubideaux, Poches & Reade,** Fort Pierre, for plaintiff and appellant.

**Costello, Porter, Hill, Banks & Nelson,** Rapid City, **Jarvis W. Brown,** Faulkton, for defendant and respondent.

HOMEYER, Judge.

This is a wrongful death action in which the jury returned a verdict for the defendant. Plaintiff's application for a new trial was denied and this appeal followed.

Plaintiff's decedent, James Edward Raverty, a 13-year-old boy, was killed instantly when struck by an automobile owned and driven by the defendant. The accident occurred about 4 p. m. on September 30, 1964 on U.S. Highway 14 about one mile west of Philip, South Dakota. The day was clear and road conditions were good. The highway to the west of the accident scene slopes upgrade. A motor patrolman fixed the crest of the hill about 690 feet from the point of the accident; defendant estimated it from 400 to 500 feet. Highway 14 is an asphalt surfaced road and the traveled portion measures 25 feet. There are shoulders of gravel and asphalt 9 feet wide on each side. It is a busy across-the-state arterial highway.

Viewing the evidence and the reasonable inferences therefrom in a light most favorable to the defendant, as we are required to do, it appears defendant was traveling between 60 and 65 miles per hour in an easterly direction in the south lane of the highway. As he came over the crest of the hill west of the accident site, he observed plaintiff's decedent whom he took to be a high school boy walking and pushing a bicycle in the same direction in a straight line on the outside edge of the south shoulder of the road. The posted maximum speed limit was 70 miles per hour. As soon as he saw the boy, he sounded his horn and let up on the accelerator. When he was about 200 feet from him he swung his car to the left and away from the boy who was still proceeding in a straight line. When approximately 100 feet from him and nearly in the north lane, the deceased suddenly turned and started walking, then running, across the roadway in a north to northeasterly direction. Defendant again sounded his horn, applied his brakes with extreme force, and struck the boy and bicycle with the right fender of his car near the center of the north lane. The deceased at no time before the impact looked in the direction from which the defendant was approaching. Decedent's family had lived a short distance west of where the accident happened for about 5 years

and he regularly traveled this road in attending school at Philip and otherwise. He had been instructed by his father to always walk against traffic and to be very careful when walking along the highway.

 As we understand it, plaintiff contends the evidence is insufficient to justify the verdict, and as a corollary thereto (point 6), the court erred in not directing a verdict for him on the issue of liability. He predicates his argument on some inconsistencies and contradictions in the testimony of the defendant and he also says the defendant's version of the accident is so inherently improbable or impossible to make it unbelieveable. In support of the latter, he uses the testimony of the motor patrolman on stopping distances at certain speeds, the physical facts revealed in measurements of skid marks, and common knowledge incidental to pedestrian movements. He reasons that accepting defendant's testimony on the boy's position when he started across the highway, it was necessary for the boy to travel at least 28 feet to the point of impact while the automobile was going 100 feet and this was physically impossible.

We find no merit in these contentions. The defendant did no more than give an estimate of his position when the boy started across the road and he sounded his horn the second time. When asked to fix the distance he said: "Oh, probably 100 feet or so, I don't know, it went so fast". Cross-examination reveals that on other expressions of distance, speed and position, the defendant likewise was only giving his best estimate. The estimates which defendant gave were not undisputed physical facts, but only impressions gained in a moment of emergency and excitement and were necessarily very uncertain and indefinite. The physical facts rule which permits a disregard of oral testimony when opposed to unquestioned physical facts, Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337, cannot be utilized where its application depends upon assumptions or calculations based upon estimates of speed, distance, time, and similar uncertain matters in the movement of vehicles or pedestrians. In the very nature of things an estimate of distance in feet or yards is not intended to be accurate and is only an approximation involving best judgment and opinion. The probability or improbability

of the evidence and the weight to be accorded it was for the jury and it was for them to determine the accuracy of the defendant's observation and the credibility of his testimony. In a recent case, Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348, we said it requires an extraordinary case for this court to disregard sworn testimony and it was for the jury to consider both the physical facts and the sworn testimony in order to make a fact determination as to the defendant's negligence.

On plaintiff's alternate contention, it is clear that under the evidence a factual determination was necessary on defendant's negligence, the contributory negligence of plaintiff's decedent and the comparative extent thereof, assumption of risk, and proximate cause. Stygles v. Ellis, supra. In Myers v. Quenzer, 79 S.D. 248, 110 N.W.2d 840, we recently said these matters are ordinarily for a jury and "It must be a clear case before a trial judge is justified in taking these issues from the jury. * * * these questions become a matter of law only when the facts from which the inferences can be drawn admit of but one conclusion. This occurs rarely."

Plaintiff also contends the court erred prejudicially when it received as evidence a part of plaintiff's original complaint[1] after it had been amended.[2]

---

1. The original complaint contained the allegation: "That on September 30, 1964, defendant was operating a 1958 Ford automobile in an easterly direction on Highway No. 14, a public highway approximately one mile east (west) of Philip, South Dakota. (That at said time and place, the deceased was walking, pushing his bicycle on the right shoulder of said highway proceeding in the same direction as defendant. That deceased was clearly visible and defendant did observe said deceased, or by the exercise of reasonable care should have observed the deceased in time to slow down or stop. That defendant continued in his course of direction and proceeded to the deceased who simultaneously crossed said highway going to the north edge of said highway").

2. The part of the original complaint in parenthesis in Note 1 above was deleted and the following allegation substituted in the amended complaint: "That at said time and place, the deceased was walking pushing his bicycle in a northeasterly direction across said Highway 14 from the right shoulder of said highway to the left shoulder of said highway approximately one mile west of Philip, South Dakota. That when the defendant was approximately 600 to 800 feet from the deceased, deceased was clearly visible walking and pushing said bicycle in a northeasterly direction across said Highway 14 from the right shoulder of said highway to the left shoulder of said highway and defendant did observe said deceased in a position of peril, or by the exercise of reasonable care should have observed the deceased in said position of peril in time to avoid said deceased 'that said deceased w's _' a position of danger, and was unable to escape from such position because he was unaware of the danger; that defendant knew deceased was in a position of danger and further knew, or in the exercise of ordinary care should have known, that defendant was unable to escape therefrom; and that defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure." The amendment was allowed at the close of plaintiff's case in chief.

■ At the close of all the evidence, defendant offered in evidence the following portion of the original complaint "as a judicial admission binding upon the plaintiff":

"That on September 30, 1964, defendant was operating a 1958 Ford automobile in an easterly direction on Highway No. 14, a public highway approximately one mile east (west) of Philip, South Dakota. That at said time and place, the deceased was walking, pushing his bicycle on the right shoulder of said highway proceeding in the same direction as defendant. * * * That defendant continued in his course of direction and proceeded to the deceased who simultaneously crossed said highway going to the north edge of said highway."

An objection was made on the ground that an amended complaint had been permitted to be filed in the action. We believe the objection was sufficient and called to the court's attention the reason for its inadmissibility as evidence. The court had before it the original complaint and the amended complaint both of which were signed only by plaintiff's counsel and there was no need to further elaborate thereon. The court too had heard plaintiff's testimony. The same conclusion prevails on the challenged sufficiency of the assignment of error.

■ A pleading which has been amended, superseded or abandoned ceases to be a judicial admission, but in many jurisdictions it can be introduced in evidence as an admission against the interest of the pleader. 31A C.J.S. Evidence § 304; Hayes v. Jenkins, Mo.App., 337 S.W.2d 259; Kirkwood & Morgan, Inc. v. Roach Rig Bldg. & Const. Co., Tex.Civ.App., 360 S.W.2d 173. The admissibility of such a pleading in the same action, or other actions involving the pleader, has been considered quite frequently in diverse aspects by this court. A review of these decisions will serve as background for our disposition of this appeal.

In Gale v. Shillock, 4 Dak. 182, 29 N.W. 661, an answer verified by the defendant which was superseded by an amended supplemental answer was held admissible when offered by

the plaintiff to prove the execution of a power of attorney and deed, the execution of which was admitted in the original answer.

In Corbett v. Clough, 8 S.D. 176, 65 N.W. 1074, the complaint was amended and on trial defendant's counsel was refused permission to introduce in evidence a paragraph of the original complaint. The court said: "* * * in the absence of anything to show that the recital was inserted authoritatively with the knowledge or under direction of respondents, it would be manifestly unjust to thus indirectly defeat the very object to accomplish which the amended complaint was filed. Declarations and admissions are often made by pleaders under a misapprehension of facts, requiring an amended pleading in order to correct mistakes; and where such amended pleading has been substituted for the original, which was drawn and verified by an attorney, we are familiar with no rule of evidence by which a party can be bound by the recitals therein contained."

In La Rue v. St. Anthony & Dakota Elevator Co., 17 S.D. 91, 95 N.W. 292, an original answer which had been superseded by an amended answer was received in evidence. The court under the authority of Corbett v. Clough, supra, said it was error, but not prejudicial, in view of the testimony of the attorney who prepared the answer that it was incorrect and the jury had the right to so find.

In Behrens Lbr. Co. v. Lager, 26 S.D. 160, 128 N.W. 698, an original answer was received in evidence to prove a material fact when it had been superseded by a second answer. The court said: "A party, plaintiff or defendant, who verifies a pleading, should be presumed to have known its contents, and it should be received in evidence, subject to such explanation as the party may see fit to offer."

In Johnson v. Hawthorne Ditch Co., 32 S.D. 499, 143 N.W. 959, averments of a witness in a pleading in another action when pertinent were held proper subject matter of cross-examination in a later action and the answer of the defendant in such action, if material, was held competent evidence against the defendant.

In Usletten. v. City of Brookings, 58 S.D. 303, 235 N.W. 705, an allegation contained in the answer of the defendants in a prior case was received in evidence which tended to prove knowledge of a dangerous condition in a negligence case. The court held the receipt of such evidence nonprejudicial, but said the same should not have been received since it was signed and verified by defendant's attorney, and it does not appear that defendant had read the answer or knew what it contained.

In Frazier v. Travelers Ins. Co., 66 S.D. 638, 287 N.W. 589, a verified complaint in a prior federal court action was received in evidence to dispute a claim of total disability. We said: "While a pleading verified by a party and containing an admission of a material fact in issue may be received in evidence against the pleader in the trial of another action, the admission is not conclusive and may be explained or controverted. H. C. Behrens Lumber Co. v. Lager, 26 S.D. 1,60, 128 N.W. 698, Ann.Cas.1913A, 1128; Johnson v. Hawthorne Ditch Co., 32 S.D. 499, 143 N.W. 959."

In a recent case, Kuhn v. Watertown Cement Products Co., 75 S.D. 491, 68 N.W.2d 241, a personal injury action by a 12-year-old boy against a silo company in which the defendant filed a third party complaint against the farmer on whose land the silo was being constructed, plaintiff sought unsuccessfully to put into evidence the third party complaint as an admission against interest. Before trial the third party complaint had been dismissed. We said: "But this third party complaint was withdrawn and not signed by defendant. It was signed by counsel. There was no showing that the recitals thereof, sought to be used as an admission, were inserted under the personal direction of defendant, or have since knowingly received its sanction or ratification. Under these circumstances the trial court correctly refused to receive in evidence the third party complaint. See Corbett v. Clough, 8 S.D. 176, 65 N.W. 1074; La Rue v. St. Anthony & Dak. Elevator Co., 17 S.D. 91, 95 N.W. 292."

A marked divergence prevails among other jurisdictions in their treatment of amended, superseded and abandoned pleadings. Numerically these jurisdictions are on the side which allow such pleadings in evidence; some with qualifications; all

with limitations. IV Wigmore on Evidence, 3rd Ed., § 1067; 2 Jones on Evidence, 5th Ed., § 372; 31A C.J.S. Evidence § 304; 20 Am.Jur., Evidence, §§ 644, 645; Annotations 14 A.L.R. 65; 90 A.L.R. 1402; 52 A.L.R.2d 521; Swanson v. State, 83 Idaho 126, 358 P.2d 387. Verification of the pleading by a party is sometimes required as a condition precedent to its admission, Buehman v. Smelker, 50 Ariz. 18, 68 P.2d 946, but it has also been held lack of verification by a party or by his attorney is of no consequence and a pleading signed by an attorney is admissible. Carlson v. Fredsall, 228 Minn. 461, 37 N.W.2d 744.

The State of California has long adhered to the rule which prohibits an original pleading to be used as direct evidence against the pleader after an amendment has been filed. Wright v. Rogers, 172 Cal.App.2d 349, 342 P.2d 447: ·

"The cause went to trial on the third amended complaint. Defendants' first contention is that the judgment should be reversed because there are inconsistencies between the allegations of the third amended complaint and the allegations of the prior complaints. The point is untenable. We need not state the argument in this respect because it runs counter to the principle contained in the Code of Civil Procedure § 469 et seq., which liberally permits amendments. The third amended complaint furnished the sole basis of the cause of action and the former ones ceased to have any effect as pleadings or as a basis for judgment. The prior pleadings cannot be looked to for the issues tried. 'It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading. * * * It is generally recognized, however, that a superseded pleading may be given some evidentiary effect, although the courts are not in accord as to the circumstances under which it may be considered. See IV Wigmore on Evidence (3d ed. 1940) 61, § 1067. By a long line of decisions, it is established in this state that such a pleading is not admissible as direct evidence to establish a fact in issue. [Citations.] The reason for this view is that the use of superseded plead-

ings to such extent as to embarrass the amending party is in derogation of the policy of liberality in permitting amendments to pleadings. [Citation.] However, where the party has testified in the action, a superseded pleading may be offered for the purpose of impeachment.' Meyer v. State Board of Equalization, 42 Cal.2d 376, 384-385, 267 P.2d 257, 262."

Here we have a part of a pleading which was amended offered in the presence of the jury "as a judicial admission binding upon the plaintiff" as substantive evidence and not for impeachment purposes. Plaintiff brought the action in a representative capacity for the benefit of the statutory beneficiaries; he was not present when the accident happened and the record is devoid of proof that the proffered allegation was inserted under his personal direction or subsequently received his sanction or ratification.

█ In our opinion controlling precedent in this state barred receipt of the complaint as direct evidence against the plaintiff and the trial court erred when it failed to exclude it. While the third party complaint in the Kuhn case was dismissed before trial it was a pleading in the case and the allegations therein pertained to a vital element in establishing plaintiff's cause of action. Likewise in both cases the pleading was signed only by counsel. In the absence of an affirmative showing by defendant that the proffered allegation was inserted under the personal direction of the plaintiff or had since knowingly received his sanction or ratification, it was not competent evidence as an admission against interest. Kuhn v. Watertown Cement Products Co., 75 S.D. 491, 68 N.W.2d 241.

█ Apparently anticipating we might arrive at the foregoing conclusion under the law of this state defendant has urged the receipt of such evidence was manifestly without prejudice citing the Hawthorne Ditch and St. Anthony Elevator cases to which we have alluded. We do not share this view.

The receipt of such evidence could easily have been damaging to the point of tilting the scales in favor of a defendant's

verdict. Very possibly it might have removed the doctrine of last clear chance from serious consideration. Under the court's instruction 21, and we are aware no exception was taken to this instruction, the court instructed "an admission of fact by an attorney for a party is binding on that party". In his argument to the jury,[3] defendant's counsel stressed the importance of this evidence in attempting to depreciate plaintiff's argument on last clear chance. It is our conclusion that the receipt of this evidence was highly prejudicial and a new trial is required.

Other assignments of error pertain to exclusion of evidence, exceptions to instructions given and the refusal to give certain requested instructions. We consider these other numerous assignments without merit.

Reversed.

All the Judges concur.

---

3. The arguments were taken, transcribed and form a part of the record. Mr. Porter: "Well, ladies and gentlemen, I suggest this isn't a fair approach because in the original Complaint that was filed in this case wherein the complaints of the parties are supposed to be stated so the Court can rely on it and the jury can rely on it, it was stated and you may recall that this was introduced in evidence and received by the Court, you will recall that one of the instructions tell you that it is binding on the plaintiff. They can't make allegations and then retreat from them. It was said that just before the accident occurred, '* * * defendant continued in his course of direction and proceeded to the deceased who simultaneously crossed said highway * * *' well, here we have it. Then as it apparently appeared to counsel for the plaintiff, apparently their investigation showed that when Mr. Goetz was very close to the boy and as they first stated, the boy crossed simultaneously. The Amended Complaint withdraws and changes that statement, now Mr. Goetz was farther back, that he had time to stop had he been using due care."